**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

**No. ____________**

**IN RE: OSEI A. HARPER,**
Petitioner.

On Petition for a Writ of Mandamus to the United States District Court
for the Northern District of Florida, Tallahassee Division
*Harper v. United States Department of the Navy*, No. 4:26-cv-00395-AW-MAF

# PETITION FOR A WRIT OF MANDAMUS AND REQUEST FOR EXPEDITED CONSIDERATION

Osei A. Harper
Petitioner, pro se
613 E. 9th Avenue
Havana, Florida 32333
oseis572@gmail.com · 347.804.1232

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Eleventh Circuit Rules 26.1-1 through 26.1-3, Petitioner certifies that the following persons and entities have or may have an interest in the outcome of this petition:

Blanche, Todd — Attorney General of the United States (service recipient under the District Court's Order of September 21, 2026)

Cao, Hung — Acting Secretary of the Navy, Defendant in the underlying action (sued in his official capacity)

Fitzpatrick, Hon. Martin A. — United States Magistrate Judge, Northern District of Florida

Harper, Osei A. — Petitioner, Plaintiff in the underlying action

United States Attorney for the Northern District of Florida (service recipient under the District Court's Order of September 21, 2026)

United States Department of the Navy — Defendant in the underlying action

United States Marshals Service, Northern District of Florida — officer of the District Court directed to effect service

Winsor, Hon. Allen C. — Chief United States District Judge, Northern District of Florida

Petitioner is an individual. No publicly traded corporation has an interest in the outcome.

# TABLE OF CONTENTS


INTRODUCTION.......................................................................................5
RELIEF SOUGHT.....................................................................................6
ISSUES PRESENTED................................................................................7
STATEMENT OF FACTS............................................................................8

- A. The service order and its terms.........................................................8
- B. The deadline passes; the Marshals file nothing.................................9
- C. Petitioner's requests and the Court's dispositions..............................10
- D. The October 15 and October 16 orders.............................................10
- E. The Rule 72(a) objection and its disposition......................................11
- F. The November 5 motion and the November 12 order.........................11
- G. The state of the record.......................................................................13

REASONS THE WRIT SHOULD ISSUE.....................................................13

- I. Petitioner has no other adequate means to obtain relief.......................13
- II. Petitioner's right to the relief is clear and indisputable......................15
- III. The writ is appropriate under the circumstances................................19
- IV. Reassignment on remand is warranted.................................................23

REQUEST FOR EXPEDITED CONSIDERATION............................................26
CONCLUSION.............................................................................................26

# TABLE OF AUTHORITIES

**Cases**

*Cheney v. U.S. District Court for D.C.*, 542 U.S. 367 (2004)................................13
*Fowler v. Jones*, 899 F.2d 1088 (11th Cir. 1990)..................................................16
*FTC v. Leshin*, 618 F.3d 1221 (11th Cir. 2010)....................................................18
*Georgia Power Co. v. NLRB*, 484 F.3d 1288 (11th Cir. 2007)...............................18
*Motor Vehicle Manufacturers Ass'n v. State Farm Mutual Automobile Insurance Co.*, 463 U.S. 29 (1983)..............................................................20
*Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284 (11th Cir. 2009) 12, 14, 15, 16
*SEC v. Chenery Corp.*, 318 U.S. 80 (1943)............................................................20
*United States v. Ross*, 92 U.S. 281 (1876).............................................................21
*United States v. Torkington*, 874 F.2d 1441 (11th Cir. 1989)................................23

**Statutes**

5 U.S.C. § 706.........................................................................................25
28 U.S.C. § 566(c).....................................................................................19
28 U.S.C. § 1915(d)...................................................................................7, 19

**Rules**

Fed. R. Civ. P. 4(c)(3)..............................................................................7, 8, 18
Fed. R. Civ. P. 4(i)......................................................................................8
Fed. R. Civ. P. 4(l)......................................................................................12, 17, 22
Fed. R. Civ. P. 4(m)...................................................................................passim
Fed. R. Civ. P. 72(a)...................................................................5, 10, 11, 15, 21, 24

**INTRODUCTION**

Petitioner respectfully asks this Court to require the District Court to do two things that the governing rules do not leave to its discretion, and which it has now declined to do on two motions and an objection: to determine, under Federal Rule of Civil Procedure 4(m), whether a plaintiff proceeding in forma pauperis who did everything required of him has shown good cause for a delay in service caused entirely by the Court's own officer; and to place on that officer — the United States Marshals Service — the burden of explaining why a date-certain service directive entered on September 21, 2026 remains unperformed and unaccounted for. Petitioner further asks that, on remand, the matter be reassigned.

The facts are short and, with one exception identified as such, documentary. The District Court granted Petitioner leave to proceed in forma pauperis and, as Rule 4(c)(3) required, ordered its Marshals to serve the complaint within fourteen days. The fourteen days passed. The Marshals filed nothing: no executed return, no unexecuted return, no statement, no request for time. Petitioner moved for an accounting and for prospective Rule 4(m) protection; the Court denied both, explaining on the Marshals' behalf that service "generally requires approximately thirty to forty-five days" — an estimate that appears nowhere in the record and was announced eleven days after the deadline it excused, the day after the Court had itself written that "[s]ervice on Defendant has not been completed." Petitioner objected under Rule 72(a), identifying five specific defects; the objections were overruled in a sentence that named none of them.

On November 5, 2026 — the forty-fifth day after the service order and, counted from that order, the outer bound of the estimate the District Court had supplied — Petitioner asked the District Court, by motion, to state the standard it was applying and to make the finding the rule requires before the Rule 4(m) period ended. The Court denied the motion in an order signed on November 12 and entered on the

docket on November 13. Under the District Court's own Order of August 21, 2026, that period ends on November 19, 2026; Petitioner's filings below and the District Court's latest order both treated it as ending on November 12. That order repeats the thirty-to-forty-five-day estimate on the fifty-second day; acknowledges that, in this Circuit, a Marshal's failure to serve through no fault of a plaintiff proceeding in forma pauperis "constitutes good cause"; makes no determination whether that is what has happened here; and defers the question to November 30, the date on which the Clerk is to return the file. No order requires the Marshals to place anything in that file before it is returned.

Petitioner has asked for nothing extraordinary: a return, a status report, and a finding the rule says "must" be made. The result is a case held at the threshold by the Court's own officer, with the time the rules allot to the plaintiff ending on November 19 and the only protection the rules provide withheld without a finding. Mandamus exists for the case in which a court declines to perform a duty the law imposes and no other remedy can reach the refusal in time. This is that case.

**RELIEF SOUGHT**

Petitioner respectfully requests that this Court issue a writ of mandamus directing the United States District Court for the Northern District of Florida to:

1. Determine, on the existing record and in a written order, whether Petitioner has shown good cause under Federal Rule of Civil Procedure 4(m) for the delay in service, and, if good cause is found, extend the period for service for an appropriate time;
2. Require the United States Marshals Service to file, within a short time certain, a statement under penalty of perjury setting out, as to each recipient identified in the Order of September 21, 2026, the date and method of dispatch or delivery, any registered or certified mail article number, any return or receipt obtained,

any impediment to compliance, and the date by which service will be completed; and

3. Enter those orders now, rather than upon the November 30 return of the file, the Rule 4(m) period ending on November 19, 2026 with no extension, no finding, and no order that service be made within a specified time.

Petitioner further requests that this Court direct that, on remand, the matter be reassigned to a different district judge and magistrate judge, and that this petition be considered on an expedited basis.

**ISSUES PRESENTED**

1. Whether a district court that has assumed responsibility for service under Rule 4(c)(3) and 28 U.S.C. § 1915(d), and whose officer has let a date-certain service directive lapse without filing an executed return, an unexecuted return, or any statement, may twice deny the plaintiff's timely motions for a Rule 4(m) extension, and defer the question until after the period ends, without making any finding on good cause, where the rule provides that the court "must extend the time for service" upon such a showing, this Court has held that a Marshal's failure to serve is good cause for a compliant plaintiff proceeding in forma pauperis, and the district court has acknowledged that holding.
2. Whether a district court may continue to withhold an accounting from its own officer on the ground that the absence of a return "does not establish" non-compliance — supplying on the officer's behalf an explanation the officer never offered — where the officer has filed neither the executed nor the unexecuted return the order contemplated, and the court-ordered period has expired and the Rule 4(m) period is at its end.
3. Whether, on a record in which eight ordinary procedural requests have each been denied, stricken, overruled, or given no action and the court has twice applied,

and once sustained on review, a presumption of regular performance to a government actor from an absence of any record, the circumstances warrant reassignment on remand.

## STATEMENT OF FACTS

Record citations are to the lettered tabs of the Appendix. The docket sheet, current through November 19, 2026, is App. A.

### *A. The service order and its terms*

Petitioner filed this action under the Administrative Procedure Act on August 13, 2026, challenging a decision of the Board for Correction of Naval Records. App. A (ECF No. 1). The District Court granted leave to proceed in forma pauperis on August 21, 2026. App. B (ECF No. 6). The same order extended the Rule 4(m) period "to 90 days from the date that this Order is entered on the docket." Id. at 4. It was entered on August 21, 2026 (App. A), so the period ends on November 19, 2026. Petitioner moved for service by the United States Marshals Service, as Rule 4(c)(3) entitles an in forma pauperis plaintiff to do; the Court granted the motion on August 31, 2026 and directed Petitioner to supply service copies. App. C (ECF No. 9); App. A (ECF No. 8). Petitioner supplied them. App. A (ECF No. 10).

On September 21, 2026, the Magistrate Judge entered the Order directing service. App. D (ECF No. 13). Paragraph 4 provides: "Within 14 days of the date of this Order, the USMS shall serve the pro se Plaintiff's amended complaint, ECF No. 4, and the summons, on Defendant Hung Cao pursuant to Federal Rule of Civil Procedure 4(i)." Paragraphs 5 and 6 direct the USMS to send copies to the United States Attorney for the Northern District of Florida and to the Attorney General "via registered or certified mail." Footnote 3 states that the United States Attorney's Office "is located in the same building as the USMS" and that the USMS "may personally deliver the service documents rather than send them by mail." Paragraph

9 directs the Clerk to return the file "upon receipt of an executed or unexecuted service return, the filing of an answer or other response, or no later than November 30, 2026." The summons was reissued the same day and the Clerk was directed to deliver it, with the service copies and the Order, to the USMS. App. E (ECF No. 14); App. D (ECF No. 13 ¶ 3).

***B. The deadline passes; the Marshals file nothing***

The fourteen-day period expired on October 5, 2026. No executed return, no unexecuted return, no statement of status, and no request for additional time has been filed by the USMS at any time since. App. A. The USMS has filed nothing in this case.

The absence of a return is not the only information that exists. On November 5, 2026, after filing the motion described in Part F, Petitioner telephoned the civil-process line of the USMS office in Tallahassee and asked whether it had received an order to serve in this case. The employee who answered told him the papers had been mailed, by certified mail as the order directed, and, asked when, answered: October 30. App. N ¶¶ 2–4. Petitioner called back and asked when the office had received the order; the employee said the person who handles civil process would have to answer that, and took his number. No call was returned. Id. ¶¶ 5–6. That statement is unsworn, is not on the docket, and was not before the District Court. The only specific date the USMS has reported to Petitioner is thus October 30: twenty-five days after the October 5 deadline, and fourteen days after the District Court wrote that the USMS "has fourteen days to mail the service documents." Petitioner does not rely on that statement to establish when or whether service occurred. He relies on the docket, which shows that no proof of service has been made, no accounting ordered, and no finding entered.

### *C. Petitioner's requests and the Court's dispositions*

Petitioner's filings and the Court's responses are set out below. Each filing was timely, in the form the rules require, and accompanied by service copies; none has been characterized by the Court as improper.

| Filing | What it asked | Disposition |
|---|---|---|
| ECF 11 (Sept. 17) | Notice of compliance with the service-copy order; request for entry of the service order | Denied as moot (ECF 13) — the relief had been ordered at ECF 9 |
| ECF 12 (Sept. 18) | Motion for an order directing the contents of the administrative record | Denied (ECF 13) |
| ECF 15 (Oct. 6) | Motion for leave to file medical and personnel records under seal | Denied (ECF 19) |
| ECF 16 (Oct. 6) | Notice that the 14-day service period had expired; request for a return | No action — "a notice is not a motion" (ECF 19) |
| ECF 17 (Oct. 6) | Notice of receipt of agency records, with exhibits | Stricken as premature (ECF 19) |
| ECF 18 (Oct. 14) | Motion for order to show cause, sworn accounting of service, and Rule 4(m) good-cause finding and extension | Denied in full (ECF 20) |
| ECF 21 (Oct. 20) | Rule 72(a) objection identifying five specific defects in ECF 20 | Overruled; motion to set aside denied (ECF 22) |
| ECF 23 (Nov. 5) | Motion for clarification, prospective Rule 4(m) protection, enforcement of the service order, and determination of available relief; expedited consideration requested | Denied "without prejudice to further consideration of service upon return of the file" (ECF 24; signed Nov. 12, entered Nov. 13) |

### *D. The October 15 and October 16 orders*

On October 15, 2026, the Magistrate Judge struck Petitioner's exhibits as premature, stating as the ground: "Service on Defendant has not been completed, so Defendant has not filed a response to the complaint." App. H (ECF No. 19 at 2).

On October 16, 2026, the Magistrate Judge denied the motion for an accounting and for Rule 4(m) relief. The order's reasoning is a single paragraph:

> "The fourteen-day period expired on October 5, 2026. Service of process by the USMS generally requires approximately thirty to forty-five days to complete. The USMS has fourteen days to mail the service documents, and additional time is required for the documents to travel to the recipient, be received, and for the signed return of service to be mailed back. The absence of a return of service on the docket does not

> establish that service has not been attempted or completed." App. I (ECF No. 20 at 2).

The order states that November 30 "does not establish an additional deadline for completing service," that an order to show cause or accounting is "unnecessary," and that the Court "will review the status of service upon return of the file." Id. It does not mention Rule 4(m), the deadline that rule sets, or good cause. It denies the extension in the decretal paragraph without a finding. App. I (ECF No. 20 at 3 ¶ 1). No source is cited for the thirty-to-forty-five-day estimate.

***E. The Rule 72(a) objection and its disposition***

Petitioner objected within four days, identifying five defects: an unsourced factual finding made without notice; a restatement of the September 21 order ("serve" rendered as "mail") without acknowledgment; a denial of Rule 4(m) relief without the determination the rule requires; an irreconcilable conflict with the finding of October 15; and the Court's supplying, on the officer's behalf, an account the officer had not given. App. J (ECF No. 21). On October 22, 2026, the Chief District Judge overruled the objections in two pages: "Plaintiff's objections (ECF No. 21) are OVERRULED because Plaintiff has not shown that any part of the magistrate judge's order was clearly erroneous or contrary to law." App. K (ECF No. 22 at 1–2).

***F. The November 5 motion and the November 12 order***

On November 5, 2026 — the forty-fifth day after the service order and, counted from that order, the outer bound of the District Court's own estimate — Petitioner filed a motion asking the Court to answer four questions on the record: why prospective Rule 4(m) protection had been denied; what legal basis supported continued non-enforcement of the September 21 directive; by what standard the absence of any record of performance had been found not to establish non-performance; and what remedy remained. The motion requested expedited consideration and, in the alternative, an interim extension pending ruling, because, as Petitioner then

computed it from the date of the complaint, the Rule 4(m) period would end on November 12. App. L (ECF No. 23).

The Magistrate Judge denied the motion in an order signed on November 12, 2026 and entered on the docket on November 13, 2026. App. M (ECF No. 24); App. A. The order describes the September 21 order as having "directed that the summons and amended complaint be forwarded to the USMS for service." App. M (ECF No. 24 at 2). It does not mention the fourteen-day directive of paragraph 4. It states that the November 30 date "is the deadline for returning the file for review; it is not an extension of the time for service under Rule 4(m)." Id. On the accounting, it states:

> "The absence of a return on the docket does not establish whether service was attempted or completed. Rule 4(l)(3) provides that '[f]ailure to prove service does not affect the validity of service.' Fed. R. Civ. P. 4(l)(3). The Court previously explained that service by the USMS generally requires thirty to forty-five days to complete. ECF No. 20 at 2. Plaintiff's disagreement with that explanation does not warrant another accounting order, a determination concerning the presumption of regularity, or further clarification of the Court's prior orders at this time." App. M (ECF No. 24 at 2).

No accounting order has been entered in this case. On Rule 4(m), the order states:

> "The expiration of that period does not automatically dismiss the action. Fed. R. Civ. P. 4(m). If the USMS fails to accomplish service through no fault of a plaintiff proceeding in forma pauperis, that failure constitutes good cause for an extension of the service period. Rance v. Rocksolid Granit USA, Inc., 583 F.3d 1284, 1288 (11th Cir. 2009). The present record does not yet establish whether service has failed, and no dismissal under Rule 4(m) is before the Court. The Court will review the service status upon return of the file and address any need for an extension or further direction at that time." App. M (ECF No. 24 at 2–3).

The order was signed on the fifty-second day after the service order. It does not say when the thirty-to-forty-five-day period it repeats began, when it ends, or whether a new one has begun. It refers to the Rule 4(m) period's "expiration on November 12, 2026." App. M (ECF No. 24 at 2). Neither that order nor Petitioner's motions took account of the extension in ECF 6; the correct date is November 19. It identifies no deficiency in Petitioner's showing and no fault on his part. It denies the motion

"without prejudice to further consideration of service upon return of the file." App. M (ECF No. 24 at 3 ¶ 1).

### *G. The state of the record*

As of November 19, 2026 — the fifty-ninth day after the service order, the forty-fifth day after the period it set expired, and the day the Rule 4(m) period ends — no return of service, executed or unexecuted, appears on the docket; no statement by the USMS appears; Defendant has not appeared; the Rule 4(m) period ends on November 19 with no extension, no finding, and no order that service be made within a specified time; no scheduling order, briefing schedule, or order on the administrative record has issued; and the only affirmative directive on the docket addressed to anyone other than Petitioner — ECF No. 13 ¶ 4 — is the only one that has gone unperformed and the only one the Court has declined to enforce. App. A.

## REASONS THE WRIT SHOULD ISSUE

A writ of mandamus is appropriate where the petitioner has no other adequate means to attain the relief sought, the right to the writ is clear and indisputable, and the court in its discretion is satisfied that the writ is appropriate under the circumstances. *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380–81 (2004). Each condition is met on this record, and each is met for reasons the District Court itself has written down.

### *I. Petitioner has no other adequate means to obtain relief.*

The relief Petitioner needs is a determination and an accounting, and both can issue only from the District Court. Petitioner has asked for them in every form the rules provide: by notice (ECF 16), by motion (ECF 18), by objection to the district judge (ECF 21), and by renewed motion (ECF 23). Each has produced a disposition that does not reach the request.

The loop is closed in a way that ordinary appellate review cannot open. The facts that would establish non-performance are in the Marshals' files; the only mechanism for bringing them onto the record is an order requiring the Marshals to account; the District Court has ruled that such an order is "unnecessary"; and its reason for so ruling is that the absence of those facts from the record "does not establish" non-performance. Petitioner cannot obtain the facts without the order and cannot obtain the order because the facts are absent. Nor does an appeal from final judgment provide an adequate alternative. A dismissal under Rule 4(m) would be without prejudice, would be reviewed against an order containing no reasoning, and would — if reversed under *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286–88 (11th Cir. 2009) — return the case to the same court and the same officer, with the same question unanswered and a year lost. The harm here is the passage of time against a litigant who cannot stop it, and that harm is not repaired by a remedy that requires more of it. Nor is the harm only delay. The District Court has now applied in two orders, and sustained in a third, the presumption that the merits of this case concern — a silent officer's performance presumed from his office, without a record — and has declined to say what standard governs it. An appeal from a later dismissal cannot undo a court's having committed itself to the rule it will be asked to adjudicate.

Nor is the District Court's stated intention to "review the service status upon return of the file" an adequate means. The return of the file on November 30 is a calendar event, not a return of service: paragraph 9 of the service order directs the Clerk to return the file on that date whether or not anything has been filed in it, and no order requires the Marshals to file anything before then. The Court has twice held that a docket without a return "does not establish" whether service occurred (ECF 20 at 2; ECF 24 at 2), and the District Judge sustained the first holding (ECF 22). Unless the

Marshals are required to speak, the record the Court reviews on November 30 is the record on which it has already ruled.

Petitioner did not file a second objection under Rule 72(a) to ECF 24. The substantive questions underlying that order had already been presented to the District Judge and rejected. ECF 21 challenged the unsourced estimate (¶¶ 14–16), the restatement of "serve" as "mail" (¶¶ 17–18), the denial of Rule 4(m) protection without any determination of good cause (¶¶ 19–21), the conflict with the order of the day before (¶¶ 22–23), and the Court's supplying an explanation on the Marshals' behalf without an accounting from that officer (¶¶ 24–25), and stated in terms that "[a] presumption of regularity cannot itself establish the factual occurrence of an act whose completion remains undocumented" (¶ 33). ECF 22 overruled those objections without explaining its resolution of any of them. ECF 24 expressly relies on the reasoning of ECF 20, which the District Judge had already sustained, while acknowledging the rule of *Rance* and declining to determine whether its predicate was met. ECF 24 at 1–3. Petitioner recognizes that ECF 24 is a separate order and does not contend that the earlier objection excuses every later one. He submits that the operative questions have already received district-judge review, and that a further objection directed to substantially the same questions would not be an adequate means of obtaining the relief sought. The ordinary course has been run to its end.

***II. Petitioner's right to the relief is clear and indisputable.***

Petitioner does not ask this Court to control the District Court's discretion. He asks it to require the performance of duties that the governing rules make mandatory, and which the District Court has three times declined to perform.

**First, the Rule 4(m) determination.** Rule 4(m) provides that "if the plaintiff shows good cause for the failure, the court *must* extend the time for service for an appropriate period." In this Circuit, a plaintiff proceeding in forma pauperis who has done what is required of him and relied on the Marshals to effect service has good

cause for delay attributable to the Marshals. *Rance*, 583 F.3d at 1286–88; *see Fowler v. Jones*, 899 F.2d 1088, 1095 (11th Cir. 1990). Petitioner made that showing in ECF 18, before the period expired, on a record in which he had complied with every order directed to him and the USMS had filed nothing. The District Court denied the extension without finding good cause absent, without finding that Petitioner contributed to the delay, and without mentioning the rule. ECF 20 at 3 ¶ 1. The district judge affirmed without addressing it. ECF 22. On the renewed motion the District Court went further: it acknowledged that a Marshal's failure to serve, through no fault of a plaintiff proceeding in forma pauperis, "constitutes good cause," identified no fault in Petitioner, and still made no determination, on the ground that the record "does not yet establish whether service has failed." ECF 24 at 3. The only thing missing from that record is the officer's own account, which the same order declines to require. And the period ends on November 19. When it has run, Rule 4(m) gives a court three courses: extend for good cause, dismiss without prejudice after notice, or "order that service be made within a specified time." The District Court has announced that it will take none of them before November 30. ECF 24, moreover, treated the period as expiring on the day it was signed and still made no determination; it ruled on Rule 4(m) without consulting its own order fixing the period. The same order states that November 30 "is not an extension of the time for service under Rule 4(m)" while reserving all consideration of service until that date, so that the period is treated at once as expired and as still open. An extension in effect, entered without the finding that would make it one, gives Petitioner none of the protection the rule attaches to the finding. A denial of relief that a rule says the court "must" grant upon a showing, entered without any determination whether the showing was made, is not an exercise of discretion; it is the omission of the act the rule requires. Nothing in the rule postpones that determination until the period has run or the file has been returned; the duty arises when the showing is made, and

Petitioner made it twice before the period expired. ECF 18; ECF 23. A court does not avoid a mandatory duty by declining to decide whether its condition has been met. Petitioner's right to that determination is as clear as the word "must."

The District Court exercised its discretion to extend the Rule 4(m) period prospectively when no failure of service had been demonstrated. ECF 6 at 4. Yet after its own fourteen-day service directive expired without documented compliance, it denied Petitioner's request for comparable prospective protection, citing uncertainty about whether service had failed. ECF 24 at 3. The Court thus treated uncertainty as sufficient grounds for preventive relief when acting sua sponte, but insufficient grounds for equivalent relief when requested by the litigant whose rights depended on service.

The District Court's answer is that the predicate is unknown: the record "does not yet establish whether service has failed." Rule 4(m) has no such state. On the ninetieth day a defendant either has been served or has not. If service was made, proof of it "must be made to the court," Fed. R. Civ. P. 4(l)(1), and none has been. If service was not made, the rule's commands apply. Either branch ends in a required act, and the order performs neither. Nor is the absence of a return an unusual basis on which to proceed; a court learns whether a defendant has been served from the return. The District Court has held that the same docket establishes nothing here, while declining to require the one filing that would resolve the question. The result is circular, and it is circular by the Court's own choice: the period is not protected because non-service is not proven; non-service is not proven because there is no return; and there is no return because the Court will not ask the officer who would make it.

It may be said that the District Court has not refused the determination but only deferred it to November 30. That reading does not survive ECF 24. The order refused the accounting, refused a determination concerning the presumption of regularity, and refused clarification, each by name, and then fixed its next examination of

service for a date after the period the rule governs. A court that refuses the means of learning what happened, refuses to state the standard by which the absence of a record is judged, and sets its review for a date after the period has run has not deferred a mandatory determination. It has declined to make it.

**Second, the allocation of the burden of explanation.** Where a valid and unambiguous order has been entered and non-compliance is shown, the burden shifts to the non-complying party to come forward with evidence explaining why. *FTC v. Leshin*, 618 F.3d 1221, 1232 (11th Cir. 2010); *see Georgia Power Co. v. NLRB*, 484 F.3d 1288, 1291 (11th Cir. 2007) (the elements are a valid and lawful order, clear and unambiguous, and the ability to comply; the inquiry concerns actual compliance, not subjective intent). Every element appears on the face of this record: an order entered under Rule 4(c)(3); a fourteen-day period, three named recipients, and a prescribed method; and a recipient "located in the same building as the USMS." ECF 13 at 4 & n.3. Non-compliance appears on the same record: the date passed, and nothing filed then or since — no return, executed or unexecuted, and no statement — shows that the service ordered was made. That is a prima facie showing on the docket alone. Petitioner invokes *Leshin* not to seek contempt or sanctions, but to identify the established judicial mechanism for examining apparent noncompliance with a clear order. The District Court acknowledged expiration of its service directive but declined to require the officer possessing the relevant records to explain its performance. The present request is antecedent to any determination of contempt: it seeks the facts necessary to determine whether the order was obeyed. The question is not what sanction should follow noncompliance, but why the District Court repeatedly declined to examine compliance at all. Instead the Court discharged the officer's burden from the bench, with an estimate the officer never offered, and returned it to Petitioner, who must now prove non-performance without the officer's records. The District Court treated the absence of proof of noncompliance as

sufficient reason to deny an inquiry into compliance. It thereby permitted an unresolved factual question to produce the practical consequence of a finding never made. It is the displacement of a burden rule by a presumption, and it is contrary to law.

**Third, the Marshals' duty.** The USMS "shall execute all lawful writs, process, and orders issued under the authority of the United States." 28 U.S.C. § 566(c). "The officers of the court shall issue and serve all process" for a plaintiff proceeding in forma pauperis. 28 U.S.C. § 1915(d). These are statutory commands, particularized by a court order with a date. Petitioner has a clear right to their performance, and the District Court a clear duty to require it of its own officer.

***III. The writ is appropriate under the circumstances.***

Six features of this record make the writ appropriate, and none of them requires any inference about intent.

**The District Court has stated, in writing, that it will not inquire.** The District Court acknowledged expiration of its fourteen-day service directive, introduced an unsupported thirty-to-forty-five-day estimate, and relied on that estimate to deny an accounting without finding compliance or modifying the original order. ECF 20 at 2. Whatever its intended characterization, the ruling operated as a de facto excuse for apparent noncompliance with an extant judicial directive. Nothing in this case can move until someone requires the Marshals to speak. The District Court has twice declined to permit Petitioner to develop the record before the Defendant responds (ECF 13; ECF 19), and the Defendant's response awaits the service the Court has declined to require.

**The presumption on which the Court relied is not the presumption of regularity, and it was applied against the Court's own contrary statement.** The presumption of regularity concerns the manner in which an official act was performed; it does not, without a factual basis, establish that the act occurred. ECF 20

presumed occurrence — that documents had been mailed, were in transit, and would be returned — from no record of any of those things, eleven days after the date by which the act was ordered done, in a document the officer never received and that modified nothing the officer had been told. The day before, the same Court had written that "[s]ervice on Defendant has not been completed." ECF 19 at 2. The same absence of a return was sufficient to establish non-service when that statement cost Petitioner his exhibits and insufficient when it would have cost the officer a page. The District Court may have meant that sentence as a description of the docket and not as a finding. If so, the point is not that the Court contradicted itself; it is that the Court has never made a finding on service at all, in five orders, while declining every request that it do so. On the first reading the same absence of a return was applied two ways in two days; on the second it has never been applied, and the question of service remains unexamined. Whatever standard the District Court was applying, it was not applied evenly, and the Court has three times declined to say what it was. The explanation it supplied is, moreover, *post hoc* in the sense that term carries in administrative law — a reason supplied after the fact, by someone other than the actor. *SEC v. Chenery Corp.*, 318 U.S. 80, 87–88, 95 (1943); *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983). This is an APA case. The District Court will shortly be asked to apply that rule to the Defendant. It has written an order the rule would not permit the Defendant to offer.

**The reasoning is circular in structure.** It can be set out in five steps, each taken from the District Court's own orders.

1. *Initial irregularity.* The September 21 directive was not demonstrably fulfilled within its prescribed period, and no service return was filed.
2. *First presumption.* The Court treated the absence of a return as insufficient to establish non-performance, invoking customary administrative processing. ECF 20 at 2.

3. *Second presumption.* The Court then relied upon the unresolved status of service to decline Rule 4(m) protection. ECF 24 at 2–3.
4. *Third presumption.* Five specific objections to the order containing the first presumption, each identifying an error of law or of fact, were overruled in one sentence that addressed none of them. ECF 22. Two of the five can be verified from the face of the orders: the service order says the USMS "shall serve" within fourteen days and ECF 20 says it "has fourteen days to mail" (ECF 13 ¶ 4; ECF 20 at 2); and ECF 20 denies a Rule 4(m) extension without a word on good cause (ECF 20 at 3 ¶ 1). Rule 72(a) imposes an affirmative duty of consideration — the district judge "must consider timely objections" — and when a litigant identifies particular violations of governing law, an unexplained affirmance leaves no visible basis for determining how those objections were reconciled with that law. Deference that does not examine is the presumption of regularity under another name.
5. *Circular reinforcement.* The Court declined to obtain the accounting that could test the underlying assumption. ECF 20 at 2; ECF 24 at 2.

Each step rests on the one before it, and the last step ensures that the first can never be examined. The question that structure presents is whether regularity can be presumed upon a presumed regularity, when what was first presumed regular was irregular by definition. The Supreme Court answered it long ago. "They are inferences from inferences; presumptions resting on the basis of another presumption." *United States v. Ross*, 92 U.S. 281, 283 (1876). "The presumption that public officers have done their duty, like the presumption of innocence, is undoubtedly a legal presumption; but it does not supply proof of a substantive fact," and "[n]owhere is the presumption held to be a substitute for proof of an independent and material fact." *Id.* at 284–85. Ross does not forbid reasonable inference. It forbids using a presumption of official regularity to supply an independent material fact for which the record contains no

proof. Whether and when the Marshals performed the service ordered is such a fact, and an estimate of ordinary processing time is not evidence that these papers were timely dispatched.

**The explanation has outlived its own terms.** The estimate on which ECF 20 rested was thirty to forty-five days. Neither ECF 20 nor ECF 24 says when that period began or when it ends. It was first announced on October 16, the twenty-fifth day after the service order, and repeated on November 12, the fifty-second. Counted from the service order, it ran out on November 5; counted from the end of the fourteen days, it runs out on November 19. ECF 24 does not say which is meant and attaches no consequence to either. On either count the estimate ends before November 30, and on neither does anything happen when it does. An estimate with no stated beginning, no stated end, and no consequence is not a measure of time; it is a reason that cannot expire. Nor does Rule 4(l)(3), on which ECF 24 relies, fill the gap. It protects service that was made from a defect in its proof; it does not supply the fact of service, and the same rule provides that "proof of service must be made to the court." Fed. R. Civ. P. 4(l)(1).

**The order recasts questions as disagreement.** The November 5 motion presented four questions and asked the Court to "address these questions": what standard had been applied, on what basis the September 21 directive remained unenforced, why Rule 4(m) protection had been withheld, and what remedy remained. App. L. A question is not a disagreement; it is a request for the reasoning with which one might then agree or disagree. ECF 24 supplies none. It states instead that Petitioner's "disagreement with that explanation does not warrant another accounting order, a determination concerning the presumption of regularity, or further clarification of the Court's prior orders at this time." ECF 24 at 2. Each part of that sentence departs from the record. There has been no accounting order, so there can be no "another." The standard by which a docket without a return was held to establish nothing has

never been stated, so asking for it is not asking for "further" clarification. And a litigant's request to be told the rule under which he is being held is not a thing that must "warrant" an answer; the sentence reads less as a ruling than as a rebuke.

**The record is now sufficient for this Court to act without further development.** With one exception, identified as such and offered only for what Petitioner was told (App. N), every fact on which this petition rests is a docket entry or a quotation from one of the District Court's own orders. The petition does not depend on the exception, and it does not turn on whether service has since been made. The question is compliance with a dated order, unexplained delay, and prejudice. If the papers were mailed on October 30, a return is owed, the accounting would cost the officer a page, and the Rule 4(m) question could be answered in a sentence; if they were not, the need for it is plain. Either way the harm continues: until proof of service is made, Petitioner cannot show when Defendant's time to answer began or hold Defendant to it.

***IV. Reassignment on remand is warranted.***

This Court may direct reassignment on remand where a judge would have substantial difficulty putting aside previously expressed views, where reassignment is advisable to preserve the appearance of justice, and where reassignment would not entail waste disproportionate to the gain. *See United States v. Torkington*, 874 F.2d 1441, 1447 (11th Cir. 1989).

The expressed view is on the docket. ECF 20 states that an accounting from the Marshals is "unnecessary" and that the absence of any return establishes nothing; ECF 22 sustained that ruling without explaining how the particularized objections were resolved; ECF 24 repeats it. The appearance of justice is a matter of two columns. From August 31 to the present, every affirmative directive on this docket that has been enforced was directed at Petitioner — supply service copies; keep your address current; retrieve your exhibits by November 16 or they will be destroyed —

and each carried a stated sanction and was met by Petitioner. The single affirmative directive addressed to anyone else, ECF 13 ¶ 4, is the only one unperformed and the only one unenforced. Eight ordinary procedural requests, listed in the Statement of Facts, were each denied, stricken, overruled, or given no action; none was granted. ECF 24 treats Petitioner's motion as repetition. Petitioner's filings are not repetition, and they have not occurred in a vacuum. Each responds to an omission, a denial, or an unresolved question in the disposition before it. Every action Petitioner took followed either the expiration of a period or an order of the Court, and followed it promptly:

| **What happened** | **Petitioner's response** |
|---|---|
| Sept. 21 — service ordered within 14 days (ECF 13). Oct. 5 — the period expires without a return. | Oct. 6 (one day) — notice to the Court and request for a return (ECF 16). |
| Oct. 6–14 — the notice draws no response. | Oct. 14 (eight days) — motion for an accounting and Rule 4(m) relief (ECF 18). |
| Oct. 16 — motion denied; Rule 4(m) not mentioned (ECF 20). | Oct. 20 (four days) — Rule 72(a) objection (ECF 21). |
| Oct. 22 — five objections overruled; none named (ECF 22). | Nov. 5 — renewed motion, filed on the 45th day after the service order, when the Court's estimate, counted from that order, had elapsed (ECF 23). |
| Nov. 12 — motion denied, one week before the Rule 4(m) period ends; entered Nov. 13 (ECF 24). | This petition. |

In the same fifty-nine days the Marshals filed nothing. Petitioner's persistence is the product of the Court's preceding decisions. Throughout, the underlying problem has remained unchanged: the Marshals have supplied no return and no accounting, and the Court has declined to obtain one. The Court has increasingly treated the effort to obtain procedural accountability as something that need not be entertained further, rather than recognizing each request as a response to an issue that is still unresolved. Whatever its cause, the result is de facto institutional inertia, and it is not something a

litigant can overcome by any means available to him within the tribunal where it exists.

The point bears on the merits in a way the Court should keep in view. The underlying action asks whether a federal agency may rely on a presumption of regularity to sustain a decision resting on a demonstrably irregular record. Review of that question under 5 U.S.C. § 706 consists of examination — of the record, of the agency's stated reasons, of whether the presumption survives what the record shows. The District Court has now applied the same presumption, to a different federal officer, on a record whose irregularity is visible from the docket itself, and three orders have left it unexamined on the record. Petitioner does not suggest that the Court intended to decide the merits in an order about service. He said so to the District Court, in nearly the same words, before ECF 24 was entered, and asked it to state the standard it was applying. App. L, Part IV. The District Court's answer was that the request did not warrant "a determination concerning the presumption of regularity" at this time. ECF 24 at 2. He observes that the method is the same method, that it has been applied twice and sustained once on this record, and that a court is not well positioned to adjudicate the limits of a presumption it has just applied without limit. There is a further and less comfortable observation, which Petitioner makes with care. The Marshals Service is a component of the Executive Branch. So is the Defendant. The underlying action asks the District Court to hold an executive agency to the requirements of law, and on this docket the District Court has four times declined to take any action that would require an executive officer to account for his compliance with the Court's own order. Petitioner does not assert that the District Court is incapable of doing its duty. He observes that the pattern is unmistakable, and that a litigant who challenges the Executive is entitled to a tribunal whose willingness to require something of the Executive is not in question before the merits

begin. Reassignment costs nothing that has been invested and preserves the only thing the merits require: a tribunal that will look.

## REQUEST FOR EXPEDITED CONSIDERATION

Petitioner asks that this petition be considered on an expedited basis. The Rule 4(m) period, as extended by ECF 6, ends on November 19, 2026, the day this petition is filed. The District Court has declined to extend it or to order that service be made within a specified time; it has stated that it will address "any need for an extension" upon the return of the file on November 30, eleven days after the period ends. From November 20 until an extension is entered, Petitioner's protection against dismissal rests on the District Court's discretion alone. The relief sought is narrow, the record is complete, and each day of delay compounds a harm that no later order can repair.

## CONCLUSION

Petitioner's procedural position on November 19, 2026 can be stated in five facts, each taken from the District Court's own docket. He has fulfilled every obligation of a plaintiff proceeding in forma pauperis. ECF 24 at 2. The Marshals have filed no return and no accounting. The Court acknowledged that the Rule 4(m) period was expiring. Id. The Court expressly stated that November 30 is not an extension of that period. Id. And the Court denied the request for protection. ECF 24 at 3 ¶ 1. Petitioner is left exposed to consequences he has no ability to affect, despite having made every effort within his ability to counter them. It all comes to a single question:

> *Can regularity be presumed upon a presumed regularity when the initial presumption was irregular by definition?*

For the litigant on whom the answer falls, the same question takes a practical form:

> *Among all the things that may or may not be true so long as the question is never asked of the officer who holds the answer, at what point does the prejudice to the plaintiff come into focus?*

On the District Court's reasoning there is no such point. This Court can supply one by requiring that the question be asked.

Petitioner has asked the District Court, four times and in every form the rules permit, to do what the rules require of it: to find whether he has shown good cause, and to require its own officer to say what it did with his summons. He has not asked for favor. He has asked for the same measure to be applied to the officer who missed a date that is applied to him when he must meet one. The writ should issue.

Respectfully submitted,
Dated: November 19, 2026

/s/ Osei A. Harper
Osei A. Harper, Petitioner, pro se
613 E. 9th Avenue
Havana, Florida 32333
oseis572@gmail.com
347.804.1232

## CERTIFICATE OF COMPLIANCE

This petition complies with the type-volume limitation of Fed. R. App. P. 21(d) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 7,776 words. It complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface, 14-point Times New Roman.

/s/ Osei A. Harper
Osei A. Harper

## CERTIFICATE OF SERVICE

I hereby certify that:

1. On November 19, 2026, I filed the foregoing Petition for a Writ of Mandamus, its Appendix, and the accompanying Motion for Leave to Proceed In Forma Pauperis and for Service Under 28 U.S.C. § 1915(d) with the Clerk of the United States Court of Appeals for the Eleventh Circuit through the Court's electronic-filing system.
2. Because this proceeding has not yet been docketed and Petitioner's Motion for Leave to Proceed In Forma Pauperis remains pending, formal service on the Respondents has not yet been effected. The Respondents have not appeared in the District Court.
3. To the extent the Respondents or the district judges are registered users in this proceeding, service is made by the electronic filing. Fed. R. App. P. 25(c)(2). Petitioner understands that upon docketing the Clerk transmits notice of the filing to the United States Department of Justice, which represents the Respondents. In the accompanying motion Petitioner has asked the Court, under 28 U.S.C. § 1915(d), to direct service of the petition and provision of the copies that Fed. R. App. P. 21(a)(1) requires, and he will promptly complete any further service the Court or the Clerk directs.

/s/ Osei A. Harper
Osei A. Harper

## APPENDIX — TABLE OF CONTENTS

(Fed. R. App. P. 21(a)(2)(C); 11th Cir. R. 21-1. Each item is tabbed by letter and cited in the petition by tab.)

A. District Court docket sheet, No. 4:26-cv-00395-AW-MAF, current through November 19, 2026

B. ECF No. 6 — Order granting leave to proceed in forma pauperis (Aug. 21, 2026)

C. ECF No. 9 — Order granting service by USMS; directing service copies (Aug. 31, 2026)

D. ECF No. 13 — Order directing service within 14 days (Sept. 21, 2026)

E. ECF No. 14 — Summons reissued (Sept. 21, 2026)

F. ECF No. 16 — Plaintiff's Notice re Expiration of Service Period (Oct. 6, 2026)

G. ECF No. 18 — Plaintiff's Motion for Order to Show Cause, Sworn Accounting, and Rule 4(m) Relief (Oct. 14, 2026)

H. ECF No. 19 — Order (Oct. 15, 2026)

I. ECF No. 20 — Order denying ECF No. 18 (Oct. 16, 2026)

J. ECF No. 21 — Plaintiff's Rule 72(a) Objection (Oct. 20, 2026)

K. ECF No. 22 — Order overruling objections (Oct. 22, 2026)

L. ECF No. 23 — Plaintiff's Motion for Clarification, Prospective Rule 4(m) Protection, Enforcement of Court-Directed Service, and Determination of Available Relief, with Request for Expedited Consideration, and Proposed Order (Nov. 5, 2026)

M. ECF No. 24 — Order denying ECF No. 23 (signed Nov. 12, 2026; entered Nov. 13, 2026)

N. Declaration of Osei A. Harper under 28 U.S.C. § 1746 (Nov. 19, 2026) — not part of the District Court record