**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

**No. ____________**

**IN RE: OSEI A. HARPER,**
Petitioner.

On Petition for a Writ of Mandamus to the United States District Court
for the Northern District of Florida, Tallahassee Division
Harper v. United States Department of the Navy, No. 4:26-cv-00395-AW-MAF

# APPENDIX TO PETITION FOR A WRIT OF MANDAMUS

Osei A. Harper
Petitioner, pro se
613 E. 9th Avenue
Havana, Florida 32333
oseis572@gmail.com · 347.804.1232

# APPENDIX — TABLE OF CONTENTS


| Tab | | Appendix PDF page |
|---|---|---|
| A. | District Court docket sheet, No. 4:26-cv-00395-AW-MAF, current through November 19, 2026 | 3 |
| B. | ECF No. 6 — Order granting leave to proceed in forma pauperis (Aug. 21, 2026) | 9 |
| C. | ECF No. 9 — Order granting service by USMS; directing service copies (Aug. 31, 2026) | 16 |
| D. | ECF No. 13 — Order directing service within 14 days (Sept. 21, 2026) | 21 |
| E. | ECF No. 14 — Summons reissued (Sept. 21, 2026) | 27 |
| F. | ECF No. 16 — Plaintiff's Notice re Expiration of Service Period (Oct. 6, 2026) | 28 |
| G. | ECF No. 18 — Plaintiff's Motion for Order to Show Cause, Sworn Accounting, and Rule 4(m) Relief (Oct. 14, 2026) | 38 |
| H. | ECF No. 19 — Order (Oct. 15, 2026) | 59 |
| I. | ECF No. 20 — Order denying ECF No. 18 (Oct. 16, 2026) | 64 |
| J. | ECF No. 21 — Plaintiff's Rule 72(a) Objection (Oct. 20, 2026) | 68 |
| K. | ECF No. 22 — Order overruling objections (Oct. 22, 2026) | 90 |
| L. | ECF No. 23 — Plaintiff's Motion for Clarification, Prospective Rule 4(m) Protection, Enforcement of Court-Directed Service, and Determination of Available Relief, with Request for Expedited Consideration, and Proposed Order (Nov. 5, 2026) | 93 |
| M. | ECF No. 24 — Order denying ECF No. 23 (signed Nov. 12, 2026; entered Nov. 13, 2026) | 130 |
| N. | Declaration of Osei A. Harper under 28 U.S.C. § 1746 (Nov. 19, 2026) — not part of the District Court record | 134 |

# APPENDIX A

District Court docket sheet, No. 4:26-cv-00395-AW-MAF, current through November 19, 2026

ProSeNonPrisonerCase

# U.S. District Court
# Northern District of Florida (Tallahassee)
# CIVIL DOCKET FOR CASE #: 4:26-cv-00395-AW-MAF

HARPER v. UNITED STATES DEPARTMENT OF THE NAVY et al
Assigned to: CHIEF JUDGE ALLEN C WINSOR
Referred to: MAGISTRATE JUDGE MARTIN A FITZPATRICK
Cause: 05:702 Administrative Procedure Act

Date Filed: 08/13/2026
Jury Demand: Plaintiff
Nature of Suit: 899 Other Statutes: Administrative Procedures Act/Review or Appeal of Agency Decision
Jurisdiction: Federal Question

**Plaintiff**

**OSEI A HARPER** represented by **OSEI A HARPER**
613 E 9TH AVENUE
HAVANA, FL 32333
PRO SE

V.

**Defendant**

**UNITED STATES DEPARTMENT OF THE NAVY**

**Defendant**

**HUNG CAO**
*IN HIS OFFICIAL CAPACITY AS ACTING SECRETARY OF THE NAVY*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/13/2026 | 1 | COMPLAINT against HUNG CAO, UNITED STATES DEPARTMENT OF THE NAVY, filed by OSEI A HARPER. (Attachments: # 1 Exhibit - 1, # 2 Exhibit - 2) (baf) (One service copy provided.) (Entered: 08/14/2026) |
| 08/13/2026 | 2 | CIVIL COVER SHEET. (baf) (Entered: 08/14/2026) |
| 08/13/2026 | 3 | MOTION for Leave to Proceed in forma pauperis by OSEI A HARPER. (baf) (Entered: 08/14/2026) |
| 08/14/2026 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE MARTIN A FITZPATRICK notified that action is needed Re: 3 MOTION for Leave to Proceed in forma pauperis, 2 Civil Cover Sheet, 1 Complaint. Referred to MARTIN A FITZPATRICK. (baf) (Entered: 08/14/2026) |
| 08/14/2026 | 4 | Notice to Pro Se. (baf) (Entered: 08/14/2026) |
| 08/20/2026 | 5 | FIRST AMENDED COMPLAINT against HUNG CAO, UNITED STATES DEPARTMENT OF THE NAVY, filed by OSEI A HARPER. (Attachments: # 1 - Notice of |

| | | |
|---|---|---|
| | | Filing and Receipt For Documents Submitted for Filing, # 2 Exhibits to First Amended Complaint) (baf) (No service copies provided.) (Entered: 08/20/2026) |
| 08/20/2026 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE MARTIN A FITZPATRICK notified that action is needed Re: 5 FIRST AMENDED COMPLAINT. (baf) (Entered: 08/20/2026) |
| 08/21/2026 | 6 | ORDER - The Clerk of Court shall issue a summons for the Defendant, Hung Cao, Acting United States Secretary of the Navy, and provide two additional copies of the summons to Plaintiff for service on the Attorney General and the United States Attorney's Office along with this Order. In accordance with 28 U.S.C. § 636(c)(2), the Clerk shall forward a form for consenting to trial by the magistrate judge, with the case number written on it, to Plaintiff. The motion for leave to proceed in forma pauperis, ECF No. 3 , is GRANTED. The Clerk of Court shall return this file upon the filing of returns of service, or no later than **10/20/2026**. Signed by MAGISTRATE JUDGE MARTIN A FITZPATRICK on 8/21/2026. (baf) (Form consenting to trial by the magistrate judge provided mail.) (Entered: 08/21/2026) |
| 08/21/2026 | 7 | Summons Issued as to HUNG CAO, U.S. Attorney and U.S. Attorney General. (baf) (Entered: 08/21/2026) |
| 08/27/2026 | 8 | PLAINTIFF'S MOTION FOR CLARIFICATION OF THE SERVICE ORDER AND FOR SERVICE BY THE UNITED STATES MARSHALS SERVICE PURSUANT TO FED.R.CIV.P.4(c)(3) AND 28 U.S.C. § 1915(d) by OSEI A HARPER. (baf) (Entered: 08/27/2026) |
| 08/27/2026 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE MARTIN A FITZPATRICK notified that action is needed Re: 8 PLAINTIFF'S MOTION FOR CLARIFICATION OF THE SERVICE ORDER AND FOR SERVICE BY THE UNITED STATES MARSHALS SERVICE PURSUANT TO FED.R.CIV.P.4(c)(3) AND 28 U.S.C. § 1915(d). Referred to MARTIN A FITZPATRICK. (baf) (Entered: 08/27/2026) |
| 08/31/2026 | 9 | ORDER - Plaintiff's motion to require the United States Marshals Service to serve the amended complaint, ECF No. 8 , is GRANTED in part. Plaintiff's request to have the Clerk of Court produce the service copies, ECF No. 8 , is DENIED. Plaintiff must provide the Clerk of Court with three service copies of his amended complaint, ECF No. 5 , no later than September 21, 2026. The Clerk of Court shall return this file upon Plaintiff's submission of three service copies of his amended complaint, or no later than September 21, 2026. Signed by MAGISTRATE JUDGE MARTIN A FITZPATRICK on 8/31/2026. (baf) (Entered: 08/31/2026) |
| 08/31/2026 | | Set 9 deadlines: Notify Chambers on **9/21/2026**. Service Copies due by **9/21/2026**. (baf) (Entered: 08/31/2026) |
| 09/01/2026 | 10 | DOCKET ANNOTATION BY COURT: Three service copies of 5 FIRST AMENDED COMPLAINT provided over the counter in compliance with 9 ORDER. (baf) (Entered: 09/02/2026) |
| 09/02/2026 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE MARTIN A FITZPATRICK notified that action is needed Re: 10 DOCKET ANNOTATION BY COURT: Three service copies of 5 FIRST AMENDED COMPLAINT provided over the counter in compliance with 9 ORDER. (baf) (Entered: 09/02/2026) |
| 09/17/2026 | 11 | PLAINTIFF'S NOTICE OF COMPLIANCE AND RESPECTFUL REQUEST FOR ENTRY OF THE ORDER DIRECTING SERVICE BY THE UNITED STATES MARSHALS SERVICE by OSEI A HARPER. (Attachments: # 1 Text of Proposed Order) (baf) (Three service copies provided.) (Entered: 09/17/2026) |

| | | |
|---|---|---|
| 09/17/2026 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE MARTIN A FITZPATRICK notified that action is needed Re: 11 PLAINTIFF'S NOTICE OF COMPLIANCE AND RESPECTFUL REQUEST FOR ENTRY OF THE ORDER DIRECTING SERVICE BY THE UNITED STATES MARSHALS SERVICE. Referred to MARTIN A FITZPATRICK. (baf) (Entered: 09/17/2026) |
| 09/18/2026 | 12 | PLAINTIFF'S MOTION FOR AN ORDER DIRECTING THE CONTENTS OF THE ADMINISTRATIVE RECORD by OSEI A HARPER. (Attachments: # 1 Text of Proposed Order) (baf) (Three service copies provided.) (Entered: 09/18/2026) |
| 09/18/2026 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE MARTIN A FITZPATRICK notified that action is needed Re: 12 PLAINTIFF'S MOTION FOR AN ORDER DIRECTING THE CONTENTS OF THE ADMINISTRATIVE RECORD. Referred to MARTIN A FITZPATRICK. (baf) (Entered: 09/18/2026) |
| 09/21/2026 | 13 | ORDER - Plaintiff's notice of compliance and request for entry of an Order directing service, ECF No. 11 , is DENIED as moot. Plaintiffs motion for an Order directing the contents of the administrative record, ECF No. 12 , is DENIED. The Clerk of Court shall reissue a summons for the Defendant, the Acting Secretary of the Navy Hung Cao, and shall provide the summons along with two additional copies of the summons, sufficient copies of this Order, and Plaintiff's service copies of the amended complaint, ECF No. 10 , to the United States Marshals Service [USMS]. The Clerk of Court shall return this file upon receipt of an executed or unexecuted service return, the filing of an answer or other response, or no later than November 30, 2026. Signed by MAGISTRATE JUDGE MARTIN A FITZPATRICK on 9/21/2026. (baf) (Entered: 09/21/2026) |
| 09/21/2026 | | Set 13 deadline: Notify Chambers on **11/30/2026**. (baf) (Entered: 09/21/2026) |
| 09/21/2026 | 14 | Summons reissued as to HUNG CAO, U.S. Attorney and U.S. Attorney General. (baf) (Entered: 09/21/2026) |
| 10/06/2026 | 15 | PLAINTIFF'S MOTION FOR LEAVE TO FILE EXHIBIT 12 UNDER SEAL, WITH INCORPORATE MEMORANDUM by OSEI A HARPER. (Attachments: # 1 Text of Proposed Order) (baf) (Three service copies provided.) (Entered: 10/06/2026) |
| 10/06/2026 | 16 | PLAINTIFF'S NOTICE REGARDING THE EXPIRATION OF THE SERVICE PERIOD SET BY THE COURT'S ORDER OF SEPTEMBER 21, 2026 (ECF NO. 13 ), AND RESPECTFUL REQUEST FOR A RETURN OF SERVICE by OSEI A HARPER (Attachments: # 1 Text of Proposed Order) (baf) (Three service copies provided.) (Entered: 10/06/2026) |
| 10/06/2026 | 17 | ***STRICKEN pursuant to 19 ORDER.*** PLAINTIFF'S NOTICE OF RECEIPT OF THE BOARD FOR CORRECTION OF NAVAL RECORDS' CASE FILE FOR DOCKET NO. NR20250008252 by OSEI A HARPER (Attachments: # 1 Exhibit - 11, # 2 Exhibit - 12, # 3 Exhibit - 13) (baf) Modified title on 10/15/2026 (baf). (Entered: 10/06/2026) |
| 10/06/2026 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE MARTIN A FITZPATRICK notified that action is needed Re: 16 PLAINTIFF'S NOTICE REGARDING THE EXPIRATION OF THE SERVICE PERIOD SET BY THE COURT'S ORDER OF SEPTEMBER 21, 2026 (ECF NO. 13 ), AND RESPECTFUL REQUEST FOR A RETURN OF SERVICE, 17 PLAINTIFF'S NOTICE OF RECEIPT OF THE BOARD FOR CORRECTION OF NAVAL RECORDS' CASE FILE FOR DOCKET NO. NR20250008252, 15 PLAINTIFF'S MOTION FOR LEAVE TO FILE EXHIBIT 12 UNDER SEAL, WITH INCORPORATE MEMORANDUM. Referred to MARTIN A FITZPATRICK. (baf) (Entered: 10/06/2026) |
| 10/14/2026 | 18 | PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE DIRECTED TO THE UNITED STATES MARSHAL SERVICE, FOR A SWORN ACCOUNTING OF |

USCA11 Case: 26-14283 Document: 1-3 Date Filed: 11/19/2026 Page: 7 of 137

| | | |
|---|---|---|
| | | SERVICE OF PROCESS, AND FOR A FINDING OF GOOD CAUSE AND EXTENSION OF TIME UNDER FED.R.CIV.P.4(m), WITH INCORPORATED MEMORANDUM, AND REQUEST FOR EXPEDITED CONSIDERATION by OSEI A HARPER. (Attachments: # 1 Text of Proposed Order) (baf) (Three service copies provided.) (Entered: 10/15/2026) |
| 10/15/2026 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE MARTIN A FITZPATRICK notified that action is needed Re: 18 PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE DIRECTED TO THE UNITED STATES MARSHAL SERVICE, FOR A SWORN ACCOUNTING OF SERVICE OF PROCESS, AND FOR A FINDING OF GOOD CAUSE AND EXTENSION OF TIME UNDER FED.R.CIV.P.4(m), WITH INCORPORATED MEMORA NDUM, AND REQUEST FOR EXPEDITED CONSIDERATION. Referred to MARTIN A FITZPATRICK. (baf) (Entered: 10/15/2026) |
| 10/15/2026 | 19 | ORDER - Plaintiff's motion for leave to file Exhibit 12 under seal, ECF No. 15 , is DENIED. The Clerk of the Court shall STRIKE Plaintiff's notice and exhibits, ECF No. 17 . The Clerk shall retain Plaintiff's notice and exhibits, ECF No. 17 , until November 16, 2026. Plaintiff must retrieve the physical exhibits on or before November 16, 2026. Any physical exhibits remaining after that deadline will be destroyed by the Clerk. Signed by MAGISTRATE JUDGE MARTIN A FITZPATRICK on 10/15/2026. (baf) (Entered: 10/15/2026) |
| 10/15/2026 | | Set 19 deadline: Exhibits to be retained until **11/16/2026**. (baf) (Entered: 10/15/2026) |
| 10/16/2026 | 20 | ORDER - Plaintiff's motion for an order to show cause, sworn accounting of service, and extension of time, ECF No. 18 , is DENIED. The Clerk of Court shall return this file upon receipt of an executed or unexecuted service return, the filing of an answer or other response, or no later than November 30, 2026, as previously directed. ECF No. 13 . Signed by MAGISTRATE JUDGE MARTIN A FITZPATRICK on 10/16/2026. (baf) (Entered: 10/16/2026) |
| 10/16/2026 | | Set 20 deadline: Notify Chambers on **11/30/2026**. (baf) (Entered: 10/16/2026) |
| 10/20/2026 | 21 | PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S ORDER OF OCTOBER 16, 2026 (ECF NO. 20 ), AND MOTION TO SET ASIDE THAT ORDER UNDER FED.R.CIV.P.72(a) AND 28 U.S.C. § 636(b)(1)(A), WITH INCORPORATED MEMORANDUM, AND REQUEST FOR EXPEDITED CONSIDERATION by OSEI A HARPER. (Attachments: # 1 Text of Proposed Order) (baf) (Three service copies provided.) (Entered: 10/20/2026) |
| 10/21/2026 | | ACTION NO LONGER REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE MARTIN A FITZPATRICK notified that action is needed Re: 21 PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S ORDER OF OCTOBER 16, 2026 (ECF NO. 20 ), AND MOTION TO SET ASIDE THAT ORDER UNDER FED.R.CIV.P.72(a) AND 28 U.S.C. § 636(b)(1)(A), WITH INCORPORATED MEMORANDUM, AND REQUEST FOR EXPEDITED CONSIDERATION. Referred to MARTIN A FITZPATRICK. (baf) Modified title on 10/21/2026 (baf). (Entered: 10/21/2026) |
| 10/21/2026 | | Motions No Longer Referred: 21 PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S ORDER OF OCTOBER 16, 2026 (ECF NO. 20 ), AND MOTION TO SET ASIDE THAT ORDER UNDER FED.R.CIV.P.72(a) AND 28 U.S.C. § 636(b)(1)(A), WITH INCORPORATED MEMORANDUM, AND REQUEST FOR EXPEDITED CONSIDERATION. (baf) (Entered: 10/21/2026) |
| 10/22/2026 | 22 | ORDER OVERRULING 21 OBJECTIONS AND DENYING 21 MOTION TO SET ASIDE. Signed by CHIEF JUDGE ALLEN C WINSOR on 10/22/2026. The magistrate |

| | | |
|---|---|---|
| | | judge will conduct appropriate further proceedings. (kdm) (Entered: 10/22/2026) |
| 10/22/2026 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE MARTIN A FITZPATRICK notified that action is needed Re: 22 ORDER OVERRULING 21 OBJECTIONS AND DENYING 21 MOTION TO SET ASIDE. (kdm) (Entered: 10/22/2026) |
| 11/05/2026 | 23 | PLAINTIFF'S MOTION FOR CLARIFICATION, PROSPECTIVE RULE 4(m) PROTECTION, ENFORCEMENT OF COURT-DIRECTED SERVICE, AND DETERMINATION OF AVAILABLE RELIEF, WITH INCORPORATED MEMORANDUM, AND REQUEST FOR EXPEDITED CLARIFICATION by OSEI A HARPER. (Attachments: # 1 Text of Proposed Order) (baf) (Three service copies provided.) (Entered: 11/05/2026) |
| 11/05/2026 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE MARTIN A FITZPATRICK notified that action is needed Re: 23 PLAINTIFF'S MOTION FOR CLARIFICATION, PROSPECTIVE RULE 4(m) PROTECTION, ENFORCEMENT OF COURT-DIRECTED SERVICE, AND DETERMINATION OF AVAILABLE RELIEF, WITH INCORPORATED MEMORANDUM, AND REQUEST FOR EXPEDITED CLARIFICATION. Referred to MARTIN A FITZPATRICK. (baf) (Entered: 11/05/2026) |
| 11/12/2026 | 24 | ORDER - Plaintiff's Motion for Clarification, Prospective Rule 4(m) Protection, Enforcement of Court-Directed Service, and Determination of Available Relief, with Incorporated Memorandum, and Request for Expedited Consideration, ECF No. 23 , is DENIED without prejudice to further consideration of service upon return of the file. The Clerk of Court shall return the file upon receipt of an executed or unexecuted service return, the filing of an answer or other response, or no later than November 30, 2026, as previously directed. ECF No. 13 . Signed by MAGISTRATE JUDGE MARTIN A FITZPATRICK on 11/12/2026. (baf) (Entered: 11/13/2026) |
| 11/12/2026 | | Set 24 deadline: Notify Chambers on **11/30/2026**. (baf) (Entered: 11/13/2026) |

---

## PACER Service Center

### Transaction Receipt

| | | | |
|---|---|---|---|
| 11/19/2026 15:00:24 | | | |
| **PACER Login:** | oseis572 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:26-cv-00395-AW-MAF |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

# APPENDIX B

ECF No. 6 — Order granting leave to proceed in forma pauperis (Aug. 21, 2026)

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**OSEI A. HARPER,**

**Plaintiff,**

**V.** **Case No. 4:26cv395-AW-MAF**

**UNITED STATES DEPARTMENT OF THE NAVY, HUNG CAO, in his Official Capacity as Acting Secretary of the Navy,**

**Defendant.**

**______________________________/**

## O R D E R

Plaintiff, proceeding pro se, initiated this case by filing a complaint pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701-706. Plaintiff's complaint seeks declaratory and injunctive relief, ECF No. 1. Simultaneously with the filing of the complaint, Plaintiff also filed a motion for in forma pauperis status, ECF No. 2. Good cause having been shown, Plaintiff's in forma pauperis motion is granted and Plaintiff is not required to pay the $405 filing fee for this case.

Prior to the Court's review of that motion, Plaintiff filed a first amended complaint. ECF No. 5. Again, Plaintiff seeks declaratory and injunctive relief only, and seeks judicial review of the final agency action of the Board for Correction of Naval Records. ECF No. 5 at 1. Plaintiff asserts that the Board denied his "application under 10 U.S.C. § 1552 for correction of his naval record." ECF No. 5 at 1. Plaintiff contends this action was timely filed "well within the six-year period of 28 U.S.C. § 2401(a)." *Id.* at 6. He further asserts that "[t]he authority to correct naval records under 10 U.S.C. § 1552 runs to the Secretary" of the Navy and the Board for Correction of Naval Records is the "civilian board through which the Secretary exercises the correction authority conferred by 10 U.S.C. § 1552." *Id.* at 7. According to Plaintiff, the agency decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law within the meaning of 5 U.S.C. § 706(2)(A)." *Id.* at 38. He requests the agency decision be vacated, set aside, and this case remanded to the Secretary of the Navy. *Id.*

A federal district court has authority to review the decision of a military board of correction under the Administrative Procedure Act (APA). 5 U.S.C. § 702, *et seq.*; Chappell v. Wallace, 462 U.S. 296, 303, 103 S. Ct.

2362, 2367, 76 L. Ed. 2d 586 (1983) ("Board decisions are subject to judicial review and can be set aside if they are arbitrary, capricious or not based on substantial evidence"); *see also* 5 U.S.C. § 706(2)(A),(E).

At this point, it cannot be said that Plaintiff's factual allegations are insufficient to alert the Defendant to the nature and basis of Plaintiff's claims. Plaintiff is permitted to proceed with the first amended complaint as filed, and the remainder of this Order provides Plaintiff with guidance as to the requirements of service.

Plaintiff is responsible for serving the complaint and summons on the named Defendant.[1] FED. R. CIV. P. 4(c)(1). The Defendant must be served with a copy of the first amended complaint [hereinafter "complaint"] as filed with this Court and a summons which will be issued by the Clerk of Court. The service copy of Plaintiff's complaint must be identical to the complaint, ECF No. 5, as filed with this Court, including all attachments. Fed. R. Civ. P. 4(c)(1). The Clerk of Court shall provide Plaintiff with a summons for the Defendant as well as the necessary copies along with this Order.

---

[1] Plaintiff's title page of the complaint indicates there are two Defendants - the United States Department of the Navy and Hung Cao, in his official capacity as Acting Secretary of the Navy. ECF No. 5 at 1. Because suing a Defendant in his official capacity is the same as suing the Department, it is unnecessary to serve both the Department of the Navy and its Secretary; service on the Secretary is sufficient.

Second, service must be accomplished within 90 days after the filing of the complaint. Fed. R. Civ. P. 4(c),(m). However, that time is hereby extended to 90 days from the date that this Order is entered on the docket pursuant to Rule 4(m).

Third, service is governed by FED. R. CIV. P. 4(i) which requires delivering a copy of the summons and complaint to the named Defendant, Hung Cao, in his official capacity as Acting United States Secretary of the Navy, as well as providing a copy to the Attorney General of the United States and a representative of the United States Attorney's Office for this district. Fed. R. Civ. P. 4(i)(2). Plaintiff is informed that a copy of the summons and complaint must be sent "by registered or certified mail" to both the civil-process clerk at the United States attorney's office and the Attorney General of the United States at Washington, D.C.

Plaintiff is informed that the address for serving the United States Attorney for the Northern District of Florida is: Civil Process Clerk, United States Attorney's Office, Northern District of Florida, 111 N. Adams Street, Fourth Floor, Tallahassee, Florida 32301. The address for serving the Attorney General of the United States is: Department of Justice, Room 511, Washington, D.C. 20530.

Accordingly, it is

**ORDERED:**

1. The Clerk of Court shall issue a summons for the Defendant, **Hung Cao, Acting United States Secretary of the Navy,** and provide two additional copies of the summons to Plaintiff for service on the Attorney General and the United States Attorney's Office along with this Order.

2. Plaintiff must ensure that service of process is carried out within **90 days** of the date this Order is entered on the docket.

3. It is Plaintiff's responsibility to file copies with the Court showing when service was been received by the Defendant and other necessary entities.

4. After a response to the complaint has been filed by the Defendant, Plaintiff will be required to mail a copy of every pleading or other paper, including letters, submitted for consideration to the Court, to the attorney for Defendant. Plaintiff shall include with each original paper that is filed with the Clerk of the Court a certificate stating the date a correct copy of the paper was mailed to counsel for the Defendant. Any paper submitted that does not contain a "certificate of service" shall be returned by the Clerk and disregarded by the Court.

5. In accordance with 28 U.S.C. § 636(c)(2), the Clerk shall forward a form for consenting to trial by the magistrate judge, with the case number written on it, to Plaintiff. If Plaintiff wishes to consent, he should sign the form and forward it to counsel for the Defendant, who shall return it to the Clerk only if the Defendant consents. The parties are, of course, free to withhold consent without any adverse consequences.

6. Plaintiff must keep the Court informed should there be any change to his mailing address. If mail from this Court cannot reach Plaintiff due to a change in address, this case may be dismissed.

7. **Failure to comply with this Order and serve the Defendant with process in accordance with Rule 4(i) may result in a recommendation of dismissal of this action.**

8. The motion for leave to proceed in forma pauperis, ECF No. 3, is **GRANTED**.

9. The Clerk of Court shall return this file upon the filing of returns of service, or no later than October 20, 2026.

**DONE AND ORDERED** on August 21, 2026.

**S/ Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

# APPENDIX C

ECF No. 9 — Order granting service by USMS; directing service copies
(Aug. 31, 2026)

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**OSEI A. HARPER,**

**Plaintiff,**

**V.** **Case No. 4:26cv395-AW-MAF**

**UNITED STATES DEPARTMENT OF THE NAVY, HUNG CAO, in his Official Capacity as Acting Secretary of the Navy,**

**Defendant.**
**______________________________/**

**ORDER**

Plaintiff, proceeding pro se and with in forma pauperis status, filed a first amended complaint, ECF No. 5, on August 20, 2026. An Order was entered, ECF No. 6, finding the amended complaint sufficient to alert Defendant to the nature and basis of Plaintiff's claim. Because it could not be said that Plaintiff has failed to present a plausible claim, service was permitted and Plaintiff was provided guidance as to the requirements of service. *Id.*

Plaintiff has now filed a motion for clarification of the service Order. ECF No. 8. He requests that the Court direct the United States Marshals Service to carry out service of process. ECF No. 8. He further contends that his amended complaint as filed is approximately 100 pages and he "lacks the financial means to bear those reproduction and service expenses." *Id.* at 2. Thus, he requests an order directing service in accordance with Rule 4 and to have the Clerk reproduce the service copy. *Id.* at 2-3.

Rule 4 of the Federal Rules of Civil Procedure provides: "At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. §1915 or as a seaman under 28 U.S.C. §1916." Fed. R. Civ. P. 4(c)(3). Because Plaintiff was granted in forma pauperis status in this case, *see* ECF No. 6, Plaintiff's motion is granted in part. The United States Marshals Service will be required to serve the amended complaint, ECF No. 5, on the Defendant pursuant to Rule 4(i).[1]

---

[1] Plaintiff's title page of the complaint indicates there are two Defendants - the United States Department of the Navy and Hung Cao, in his official capacity as Acting Secretary of the Navy. ECF No. 5 at 1. Because suing a Defendant in his official

However, it is Plaintiff's responsibility to provide the Marshals Service with an identical copy of his first amended complaint, ECF No. 5. Rule 4(c)(1) provides that Plaintiff "must furnish the necessary copies to the person who makes service". Therefore, while the Court will direct the Marshals Service to serve the complaint, Plaintiff must still provide the service copy of his amended complaint. While it is lengthy, that is a result of Plaintiff's own actions.

Plaintiff has until **September 21, 2026,** to submit three[2] service copies of his amended complaint to the Clerk of Court. The service copies must be identical to the amended complaint, ECF No. 5, as filed with this Court, including all attachments. Fed. R. Civ. P. 4(c)(1). Upon receipt, a subsequent Order will be issued to require the Clerk of Court to provide the Marshals Service with a copy of the amended complaint, to reissue summons, and then provide instructions for service on the Defendant.

---

capacity is the same as suing the Department, it is unnecessary to serve both the Department of the Navy and its Secretary; service on the Secretary is sufficient.

[2] Three copies are required because service of process on a United States Officer sued in his official capacity requires service on the officer, the United States Attorney for this District, and the United States Attorney General. Fed. R. Civ. P. 4(i).

Accordingly, it is **ORDERED:**

1. Plaintiff's motion to require the United States Marshals Service to serve the amended complaint, ECF No. 8, is **GRANTED in part**.

2. Plaintiff's request to have the Clerk of Court produce the service copies, ECF No. 8, is **DENIED**.

3. Plaintiff must provide the Clerk of Court with three service copies of his amended complaint, ECF No. 5, no later than **September 21, 2026**.

4. Plaintiff must keep the Court informed should there be any change to his mailing address. If mail from this Court cannot reach Plaintiff due to a change in address, this case may be dismissed.

5. **Failure to submit the service copies will result in a recommendation of dismissal of this action.**

6. The Clerk of Court shall return this file upon Plaintiff's submission of three service copies of his amended complaint, or no later than September 21, 2026.

**DONE AND ORDERED** on August 31, 2026.

**S/ Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

# APPENDIX D

ECF No. 13 — Order directing service within 14 days (Sept. 21, 2026)

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**OSEI A. HARPER,**

**Plaintiff,**

**V.** **Case No. 4:26cv395-AW-MAF**

**UNITED STATES DEPARTMENT OF THE NAVY, HUNG CAO, in his Official Capacity as Acting Secretary of the Navy,**

**Defendant.**
**______________________________/**

## ORDER

On August 31, 2026, an Order was entered, ECF No. 9, directing the pro se Plaintiff to submit service copies of his first amended complaint, ECF No. 5. Plaintiff provided the service copies, ECF No. 10, and this Order directs the United States Marshals Service to carry out service of process as requested by Plaintiff. *See* ECF No. 8.

Because Plaintiff's request to have the Marshals Service serve his complaint was granted, ECF No. 9, there was no need for Plaintiff to file an

additional motion for service. ECF No. 11. That motion is denied as moot. *See* ECF No. 9.

Plaintiff then filed a 21-page motion for an order directing the contents of the administrative record. ECF No. 12. That motion is also denied. Although this Court is requiring Defendant to respond to Plaintiff's amended complaint, what Defendant submits as a response is up to the Defendant. Additionally, this case is separate and apart from Plaintiff's recently identified September 7, 2026, request for records pursuant to the Freedom of Information Act. *Id.* at 1-2. This motion - filed in an action challenging the February 26, 2026, decision of the Board for Correction of Naval Records - cannot be used as a substitute for compliance with that request or to challenge what was received.

Rule 4 of the Federal Rules of Civil Procedure provides: "At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. §1915 or as a seaman under 28 U.S.C. §1916." Fed. R. Civ. P. 4(c)(3). Because Plaintiff was granted in forma pauperis status in this case, *see* ECF No. 6, Plaintiff's motion was granted,

ECF No. 9. Plaintiff has provided the three service copies, ECF No. 5, and this Order directs the United States Marshals Service to serve the amended complaint, ECF No. 5, on the Defendant pursuant to Rule 4(i).[1]

Accordingly, it is

**ORDERED:**

1. Plaintiff's notice of compliance and request for entry of an Order directing service, ECF No. 11, is **DENIED as moot**. *See* ECF No. 9.

2. Plaintiffs motion for an Order directing the contents of the administrative record, ECF No. 12, is **DENIED**.

3. The Clerk of Court shall reissue a summons for the Defendant, the Acting Secretary of the Navy Hung Cao,[2] and shall provide the summons along with two additional copies of the summons, sufficient copies of this Order, and Plaintiff's service copies of the amended complaint, ECF No. 10, to the United States Marshals Service [USMS].

---

[1] Plaintiff's title page of the complaint indicates there are two Defendants - the United States Department of the Navy and Hung Cao, in his official capacity as Acting Secretary of the Navy. ECF No. 5 at 1. Because suing a Defendant in his official capacity is the same as suing the Department, it is unnecessary to serve both the Department of the Navy and its Secretary; service on the Secretary is sufficient.

[2] It appears that Defendant Hung Cao may be served at the Office of the Secretary of the Navy, 1000 Navy Pentagon, Washington, DC 20350-1000.

4. Within 14 days of the date of this Order, the USMS shall serve the pro se Plaintiff's amended complaint, ECF No. 4, and the summons, on Defendant **Hung Cao** pursuant to Federal Rule of Civil Procedure 4(i).

5. The USMS shall also send a copy of the summons, amended complaint, and this Order to the United States Attorney for this District via registered or certified mail.[3]

6. The USMS must also send a copy of the summons, amended complaint, and this Order to Todd Blanche, the Attorney General of the United States, in Washington, D.C. via registered or certified mail.[4]

7. Pursuant to Federal Rule of Civil Procedure 12(a)(2), the United States Secretary of the Navy has 60 days in which to serve an answer or other response to Plaintiff's amended complaint, ECF No. 4.

8. Plaintiff must keep the Clerk of Court informed should there be any change to his mailing address. If mail from this Court cannot reach Plaintiff due to a change in address, this case may be dismissed.

---

[3] The address for the U.S. Attorney's Office for this District is: 111 N. Adams Street, 4th Floor, U.S. Courthouse, Tallahassee, FL 32301. If acceptable, the USMS may personally deliver the service documents rather than send them by mail since that office is located in the same building as the USMS.

[4] Attorney General Todd Blanche may be served at: 950 Pennsylvania Avenue, NW, Washington, D.C. 20530-0001.

9. The Clerk of Court shall return this file upon receipt of an executed or unexecuted service return, the filing of an answer or other response, or no later than November 30, 2026.

**DONE AND ORDERED** on September 21, 2026.

**S/ Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

# APPENDIX E

ECF No. 14 — Summons reissued (Sept. 21, 2026)

ECF No. 14 is a docket entry without a separate document. It appears on the docket sheet at Appendix A, entry of 09/21/2026: "Summons reissued as to HUNG CAO, U.S. Attorney and U.S. Attorney General."

# APPENDIX F

ECF No. 16 — Plaintiff's Notice re Expiration of Service Period (Oct. 6, 2026)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

OSEI A. HARPER,
Plaintiff,
v.
UNITED STATES DEPARTMENT OF THE NAVY, HUNG CAO, in his Official Capacity as Acting Secretary of the Navy,
Defendant.
/

Case No. 4:26-cv-00395-AW-MAF

**PLAINTIFF'S NOTICE REGARDING THE EXPIRATION OF THE SERVICE PERIOD**
**SET BY THE COURT'S ORDER OF SEPTEMBER 21, 2026 (ECF NO. 13), AND RESPECTFUL REQUEST FOR A RETURN OF SERVICE**

In the spirit of cooperation with the Court's docket management, Plaintiff Osei A. Harper, proceeding pro se and in forma pauperis, respectfully gives notice that the fourteen-day period within which the Court directed the United States Marshals Service to serve the amended complaint, ECF No. 13 ¶ 4, has run, and that the docket reflects no return of service, executed or unexecuted, and no other indication that service has been attempted. Plaintiff respectfully requests that the Court direct the

FILED USDC FLND TL
OCT 6 '26 AM11:49

Marshals Service to file a return of service or a brief statement of the status of service. In support, Plaintiff states:

1. Plaintiff recognizes that the United States Marshals Service carries the burden of serving process for every litigant in this District whom the Court has permitted to proceed without prepayment of fees, and that it does so alongside its many other duties. Plaintiff offers this notice in that understanding: not as a criticism of the Marshals Service or of anyone, but because the passage of the Court's own deadline without any entry on the docket is a fact that the Court may wish to know, and one that Plaintiff is not in a position to resolve on his own.
2. On September 21, 2026, the Court entered its Order directing service. ECF No. 13. Paragraph 4 of that Order provides that "[w]ithin 14 days of the date of this Order, the USMS shall serve the pro se Plaintiff's amended complaint . . . and the summons, on Defendant Hung Cao pursuant to Federal Rule of Civil Procedure 4(i)." *Id.* ¶ 4. Paragraphs 5 and 6 further direct the Marshals Service to send copies of the summons, the amended complaint, and the Order to the United States Attorney for this District and to the Attorney General of the United States by registered or certified mail. *Id.* ¶¶ 5–6. The same day, the Clerk

reissued the summons as to Defendant Hung Cao, the United States Attorney, and the Attorney General. ECF No. 14.

3. Computed under Federal Rule of Civil Procedure 6(a)(1), the fourteen-day period began on September 22, 2026, and ended on Monday, October 5, 2026.

4. Plaintiff has retrieved and retained the docket report for this case on September 22, 23, 24, 25, 28, 29, and 30, and on October 1, 2, and 5, 2026. The most recent report, retrieved on October 5, 2026, at 8:19 p.m., shows no entry of any kind after ECF No. 14. No return of service, executed or unexecuted, appears on the docket; no notice of appearance has been filed on behalf of the Defendant; and nothing on the docket indicates that the summons and amended complaint have been delivered to, or sent to, any of the three recipients identified in the Order.

5. Plaintiff is mindful that a return of service may be filed some days after service is in fact made, and that the absence of an entry on the docket is not the same as the absence of service. Plaintiff therefore does not represent that service has not occurred; he is not in a position to know. Plaintiff represents only what the docket shows, which is nothing, and that the period the Court set has closed.

6. That silence has a practical consequence for the Court's own schedule. Under Rule 12(a)(2), the Defendant's sixty days to answer or otherwise respond run

from service on the United States Attorney. ECF No. 13 ¶ 7. The Order contemplates the return of this file to the Court upon a service return, upon the filing of a response, or in any event by November 30, 2026. *Id.* ¶ 9. If service was not made within the period the Court directed, each additional day of delay moves the Defendant's response date further past November 30, and the Court will reach that date without the docket disclosing whether the sixty-day period has even begun.

7. Plaintiff respectfully notes that the cost of this interval does not fall evenly. For an institution, a delay of this kind requires nothing; it is accomplished by the absence of an act. For the individual who brought the case, the same interval is not empty. It is time during which the decision under review remains in force, the relief sought remains unavailable, and the record that will decide the matter remains unlodged. In this case, that interval is added to a wait already measured in decades.

Silence in a process of this structure is not neutral. It has a direction, and the direction is toward the party who has no step left to take. Plaintiff does not suggest that anyone intends this result. He observes only that it is the effect, and that the effect is the same whether intended or not.

8. Every precondition to service within Plaintiff's control has been satisfied. Plaintiff moved for service by the Marshals Service on August 27, 2026, ECF No. 8; delivered the three required service copies on September 1, 2026, twenty days before the deadline the Court had set, ECF Nos. 9, 10; and has complied promptly with every service-related directive in this case. The remaining steps rest with the Marshals Service, which is charged by statute with executing "all lawful writs, process, and orders issued under the authority of the United States," 28 U.S.C. § 566(c), and which the Court has directed to carry out service under Rule 4(c)(3) and 28 U.S.C. § 1915(d).

9. Plaintiff raises the matter now, rather than later, for two reasons. First, the ninety-day period for service under Rule 4(m), measured from the filing of the complaint on August 13, 2026, ends on November 11, 2026. A plaintiff proceeding in forma pauperis who has complied with the service requirements and relied on the Marshals Service to effect service has good cause under Rule 4(m) for any delay attributable to the Marshals Service. *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286–88 (11th Cir. 2009); *see Fowler v. Jones*, 899 F.2d 1088, 1095 (11th Cir. 1990) (pro se plaintiff proceeding in forma pauperis who has done all that is required of him is entitled to rely on the Marshal

for service). Plaintiff asks that the record reflect, now and not after the fact, that any delay in service is not his. Second, until service is perfected this case cannot advance into its adversarial phase, and the parties cannot begin the work of narrowing or resolving their dispute. Plaintiff has waited more than thirty-four years for that work to begin, and he would prefer not to lose further weeks to a step that is no longer his to take.

10. Plaintiff remains ready to provide any further copies, forms, or information that the Court, the Clerk, or the Marshals Service may require, including replacement service copies should the originals have been misdirected, and will continue to do whatever is asked of him to assist in the orderly progress of this matter.

**WHEREFORE**, in the spirit of cooperation with the Court's docket management, Plaintiff respectfully requests that the Court: (1) take notice that the fourteen-day service period set by paragraph 4 of the Order of September 21, 2026, ECF No. 13, expired on October 5, 2026, with no return of service on the docket; (2) direct the United States Marshals Service, an agency of the United States, to file, within five (5) days of the date of the order, a return of service as to each recipient identified in paragraphs 4 through 6 of ECF No. 13, or, if service has not been completed as to

any recipient, a statement showing cause why service was not completed within the period the Court directed and setting forth a date certain by which service will be completed; (3) provide that if the Marshals Service fails to file the required return or statement within that period, the Court will set a hearing concerning compliance with the Court's September 21, 2026 Order, at which the Marshals Service shall appear and account for its compliance or noncompliance with that Order; (4) find that any delay in service to date is attributable to circumstances outside Plaintiff's control and constitutes good cause for purposes of Federal Rule of Civil Procedure 4(m), and extend the time for service to and including the date certain set forth in the Marshals Service's return, and in no event beyond November 30, 2026, absent further order of the Court; and (5) grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: October 6, 2026

Osei A. Harper, Plaintiff, pro se
613 E. 9th Avenue
Havana, Florida 32333
oseis572@gmail.com
347.804.1232

## CERTIFICATES UNDER LOCAL RULE 7.1

Conference. No attorney has appeared for the Defendant, and the docket does not reflect that service of process has been completed; there is therefore no counsel for an adverse party with whom to confer regarding the relief requested, and the relief concerns the performance of a duty by the United States Marshals Service rather than any position of the Defendant. Plaintiff will confer with counsel for the Defendant on any matter in this notice once counsel appears. Word count. This document contains fewer than 8,000 words.

---

## PROCEDURAL NOTE REGARDING SERVICE AND ENCLOSURES

No defendant has yet appeared in this action, and the docket does not reflect that service of process has been completed; accordingly, no certificate of service is required at this time. Because the Defendant may nonetheless have been served without a return having yet been docketed, and in the interest of the proper pursuance of notice and justice, a courtesy copy of this filing is being mailed on the date of filing to the Office of the United States Attorney for the Northern District of Florida, 111 N. Adams Street, 4th Floor, Tallahassee, Florida 32301. Three copies of this filing are enclosed, executed in original form, together with the attached proposed Order.

Osei A. Harper
613 E. 9th Avenue
Havana, Florida 32333
oseis572@gmail.com
347.804.1232

# APPENDIX G

ECF No. 18 — Plaintiff's Motion for Order to Show Cause, Sworn Accounting, and Rule 4(m) Relief (Oct. 14, 2026)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

OSEI A. HARPER,
Plaintiff,
v.
UNITED STATES DEPARTMENT OF THE NAVY, HUNG CAO, in his Official Capacity as Acting Secretary of the Navy,
Defendant.
/

Case No. 4:26-cv-00395-AW-MAF

**PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE DIRECTED TO THE UNITED STATES MARSHAL SERVICE, FOR A SWORN ACCOUNTING OF SERVICE OF PROCESS, AND FOR A FINDING OF GOOD CAUSE AND EXTENSION OF TIME UNDER FED. R. CIV. P. 4(m), WITH INCORPORATED MEMORANDUM, AND REQUEST FOR EXPEDITED CONSIDERATION**

Plaintiff Osei A. Harper, proceeding pro se and in forma pauperis, respectfully moves the Court for an order directing the United States Marshals Service ("USMS") to show cause regarding the status of its compliance with the Court's Order of September 21, 2026, ECF No. 13 — whether service was completed, attempted, or delayed, and why compliance has not been documented on the docket; for a sworn accounting of the handling and disposition of the summons and amended complaint

Filed
RCVD USDC FLND TL
OCT 14 '26 PM12:34

entrusted to it; and, because the period for service under Federal Rule of Civil Procedure 4(m) will expire on November 12, 2026, for an express finding that any delay in service is attributable to the USMS and not to Plaintiff, constitutes good cause, and warrants an extension of the time for service. In support, Plaintiff states:

**I. What this motion asks, and what it does not**

1. This motion concerns the enforcement of the Court's own order and the protection of an indigent litigant's procedural position. Plaintiff does not ask for sanctions, and he does not ask the Court to find that anyone has acted willfully; nothing in the record would support such a finding and Plaintiff does not suggest it. He asks for three things that only the Court can provide: an accountable record of what became of the service documents, compliance with the directive the Court has already given, and a determination made before November 12, 2026, rather than after it, that the time consumed by the service process is not charged to him.

2. Plaintiff is mindful that his Notice of October 6, 2026, ECF No. 16, asked the Court to direct a return of service within five days, and that the Court has had that request before it for only a short time. He files this motion not to press the

Court but because the Rule 4(m) date is now four weeks away and no ruling, return, or appearance has intervened. If the Court intends to act on ECF No. 16, Plaintiff respectfully asks that it do so in a form that also resolves the Rule 4(m) question raised here, so that the matter need not return a third time.

## II. Procedural background

3. On August 21, 2026, the Court granted Plaintiff leave to proceed in forma pauperis. ECF No. 6. On August 31, 2026, the Court granted Plaintiff's motion for service by the USMS under Rule 4(c)(3) and 28 U.S.C. § 1915(d), and directed him to supply three service copies of the amended complaint. ECF No. 9. He supplied them on September 1, 2026; the docket records that "[t]hree service copies of 5 FIRST AMENDED COMPLAINT [were] provided over the counter in compliance with 9 ORDER." ECF No. 10. The Court's September 21 Order acknowledges that compliance: "Plaintiff provided the service copies, ECF No. 10." ECF No. 13 at 1.
4. On September 21, 2026, the Court directed the Clerk to reissue the summons and to deliver it, with copies of the Order and the amended complaint, to the USMS, and ordered that "[w]ithin 14 days of the date of this Order, the USMS shall

serve the pro se Plaintiff's amended complaint . . . and the summons, on Defendant Hung Cao pursuant to Federal Rule of Civil Procedure 4(i)." ECF No. 13 ¶¶ 3–4. Paragraphs 5 and 6 directed the USMS to send the summons, amended complaint, and Order to the United States Attorney for this District and to the Attorney General by registered or certified mail. *Id.* ¶¶ 5–6. The summons was reissued the same day. ECF No. 14.

5. Computed under Rule 6(a)(1), the fourteen-day period began on September 22, 2026, and ended on Monday, October 5, 2026.

6. On October 6, 2026, Plaintiff filed his Notice Regarding the Expiration of the Service Period, ECF No. 16, reporting that the docket reflected no return of service, no appearance, and no entry of any kind after ECF No. 14, and requesting that the USMS be directed to file a return or a statement of the status of service within five days. The Notice was referred to the Magistrate Judge the same day.

7. Plaintiff has continued to retrieve and preserve the docket report throughout the service period. The most recent report, retrieved on October 13, 2026, at approximately 1:10 p.m. Eastern, reflects no docket activity subsequent to the October 6, 2026 referral of ECF Nos. 15, 16, and 17 to the Magistrate Judge.

Specifically, the docket contains no executed or unexecuted return of service, no statement from the United States Marshals Service, no notice of appearance on behalf of the Defendant, and no ruling on Plaintiff's October 6 Notice, ECF No. 16. Plaintiff does not contend that the absence of a return conclusively establishes non-service. Rather, the Court's fourteen-day service deadline expired October 5, 2026, and the docket still provides no means of determining whether the service directive was executed. As of the anticipated filing date of October 14, twenty-three days will have elapsed since the Court's Order and nine days since its service deadline expired.

8. Plaintiff has no independent means of learning when the USMS received the service documents, who was assigned to them, whether service or mailing was attempted, or what, if anything, prevented completion. That information exists only in the USMS's own records.

**III. The governing rules**

9. When a plaintiff is authorized to proceed in forma pauperis, "[t]he officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). Rule 4(c)(3) provides that the court "must" order service by a United States marshal or deputy

marshal for such a plaintiff. The duty is the officer's, and the Court has already placed it.

10. Federal Rule of Civil Procedure 4(m) generally requires service within ninety days after the complaint is filed, subject to extension for good cause and the Court's discretionary authority to allow additional time. Plaintiff filed the complaint on August 13, 2026. ECF No. 1. Excluding the filing date under Rule 6(a)(1)(A), the ninetieth day falls on November 11, 2026. Because that date is Veterans Day, a legal holiday under Rule 6(a)(6)(A), the operative deadline extends to Thursday, November 12, 2026, pursuant to Rule 6(a)(1)(C). Plaintiff requests a finding and appropriate extension before that date, rather than leaving his protection under Rule 4(m) unresolved until after the service period expires. Even absent good cause, the Court retains discretion to extend the time. *Lepone-Dempsey v. Carroll County Commissioners*, 476 F.3d 1277, 1281–82 (11th Cir. 2007).

11. In the Eleventh Circuit, a plaintiff proceeding in forma pauperis who has complied with the service requirements and relied on the USMS to effect service has good cause under Rule 4(m) for any delay attributable to the USMS. *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286–88 (11th Cir. 2009); *see*

*Fowler v. Jones*, 899 F.2d 1088, 1095 (11th Cir. 1990) (pro se plaintiff proceeding in forma pauperis who has done all that is required of him is entitled to rely on the Marshal for service). The rule does not ask the indigent plaintiff to take over the duty the Court assigned to its officers; it recognizes that he should not bear the consequences when that duty goes unperformed.

12. The fourteen-day period in ECF No. 13 is the Court's own deadline and is distinct from the Rule 4(m) period. Its expiration without a return is the fact that warrants inquiry now; the approach of November 12 is the reason the inquiry cannot wait.

## IV. Grounds for an order to show cause

### A. The Court's deadline passed without an accountable return.

13. The Court did not merely permit service by the USMS; it ordered service within a stated period. That period has passed, and the docket does not disclose whether the Order was performed, attempted, delayed, or left unexecuted. Plaintiff does not represent that service has not occurred; he cannot know. He represents only what the docket shows, which is nothing, and that the silence has now outlasted

both the Court's deadline and the five-day return Plaintiff asked for on October 6.

14. Only the personnel responsible for the service process can account for the physical and administrative disposition of the documents. The confirmed facts support an order to account for service; they do not yet identify who handled the documents or what became of them, and Plaintiff does not pretend otherwise. An order to show cause, returnable by a sworn written accounting, is the ordinary means by which a court learns from its own officer what became of its own order. Plaintiff asks for nothing more than that, and asks that appearance be required only if the accounting is not filed or does not answer the questions the Court puts.

**B. The accounting should be sworn and tied to records.**

15. A statement that service is "pending" would not establish what occurred between September 21 and the present. Plaintiff therefore asks that the USMS be directed to file a declaration under penalty of perjury, by the United States Marshal for this District or a supervisory official with personal knowledge of the office's records, addressing: (a) the date on which the USMS received the reissued summons, the Order, and the service copies from the Clerk, and which pleading

and attachments it received and transmitted — the Order refers to the amended complaint as ECF No. 5 in its introduction and paragraph 3 but as "ECF No. 4" in paragraphs 4 and 7, and ECF No. 4 is the Clerk's Notice to Pro Se Litigants, so Plaintiff asks that the Court confirm that the operative pleading for service is the First Amended Complaint, ECF No. 5; (b) the person or unit to whom the matter was assigned and the date of assignment; (c) each date on which the documents were prepared, mailed, delivered, attempted, returned, or transferred, as to each of the three recipients identified in ECF No. 13 ¶¶ 4–6; (d) any registered- or certified-mail receipts, tracking numbers, or delivery confirmations or, as to the United States Attorney, documentation of personal delivery as footnote 3 of the Order permits; (e) any obstacle to completion within fourteen days, when it became known, and what was done about it; (f) whether service has been completed as to each recipient and, if so, the date and method; and (g) if service remains incomplete as to any recipient, the outstanding steps, the responsible official, and a date certain for completion. The declaration should identify the records on which it relies and attach the receipts, tracking information, or returns to the extent they exist.

16. Plaintiff asks for this accounting to resolve an asymmetry of information, not to assign blame. He cannot see the USMS's records; the consequences of what those records show fall on his case.

**C. The Court should make the Rule 4(m) finding now.**

17. Every step within Plaintiff's control has been completed and is on the docket: the motion for USMS service, ECF No. 8; the three service copies, delivered over the counter twenty days early and acknowledged by the Court, ECF No. 10; ECF No. 13 at 1; the Notice when the Court's deadline passed, ECF No. 16. Nothing on the docket suggests that Plaintiff withheld information, supplied defective papers, or otherwise contributed to the delay.

18. Plaintiff therefore asks the Court to find now, on the present record, that he has complied with every service requirement imposed on him and that the record identifies no delay caused by Plaintiff, and that delay attributable to the USMS constitutes good cause under Rule 4(m) and *Rance*. He asks that the finding be made before November 12, 2026, so that the expiration of the ninety-day period does not become a question to be litigated after the fact, and that the time for service be extended, in the interim, through and including December 14, 2026, and thereafter to a date certain set by the Court following the accounting, with

such further extension as Rule 4(m) and *Rance* require if service remains outstanding through no fault of Plaintiff. Plaintiff does not ask for an open-ended extension; he asks that the date be the Court's, set on the USMS's own account of what remains to be done.

19. Following the sworn accounting, Plaintiff asks that the Court attribute any period of actual non-performance to the entity responsible for it on the records produced and, if the period is attributable solely to the USMS, that the Court say so expressly. Plaintiff asks for this in two stages deliberately: his own compliance can be found today from the docket, while responsibility for the gap should be assigned only after the USMS's records are examined, not before.

**V. Why the delay matters to the Court's own schedule**

20. Under Rule 12(a)(2), the United States has sixty days from service on the United States Attorney to answer or otherwise respond. The Court's Order recognizes that period. ECF No. 13 ¶ 7. The Order also contemplates the return of this file to the Court on a service return, on a response, or in any event by November 30, 2026. *Id.* ¶ 9. Service made at any point after October 1 places the Defendant's response date after November 30; service not yet made places it further still.

Without an accounting, the Court will reach its own return date without the docket disclosing whether the sixty days have begun.

21. Plaintiff cannot compel the USMS to execute process, cannot obtain its internal records, and cannot start the Defendant's response clock without effective service. This is not a complaint about inconvenience; it is a description of a dependency the procedural structure imposes. The next stage of this case cannot begin by any act of Plaintiff's. Delay by the service authority therefore carries a cost to Plaintiff that the institution does not experience in the same way, and Plaintiff asks only that the record keep the two kinds of time separate: time consumed by him, and time consumed by the governmental service process. The latter should not be imputed to him.

22. The failure to document compliance with the Court's service directive has imposed an additional and avoidable procedural burden upon Plaintiff. Having timely supplied the required service copies and obtained an express order directing service by the United States Marshals Service, Plaintiff has nevertheless been required to conduct repeated docket reviews, preserve successive docket reports, prepare and file a formal notice of the expired service deadline, and now seek further judicial intervention to establish whether the

ordered service occurred. These efforts do not advance adjudication of the underlying controversy; they are necessary solely to ascertain and secure performance of a preliminary procedural obligation already assigned to officers of the Court. Plaintiff raises this burden not as a claim for compensation or as evidence of improper motive, but to demonstrate the concrete consequences of continued uncertainty and the need for prompt, accountable resolution. Every additional day consumed by this process postpones the commencement or confirmation of the Defendant's response period while requiring further effort from the party who has already satisfied his service-related obligations.

**VI. Alternative relief**

23. The duty to serve remains the USMS's, and Plaintiff asks that it remain the primary remedy. If, however, the Court determines on the accounting that substitute service would be the more appropriate course, Plaintiff respectfully asks that the Court make the necessary procedural arrangements — directing the Clerk to issue the summons and conformed copies and providing for service under Rule 4(i) by registered or certified mail at no cost to Plaintiff, who proceeds in forma pauperis — and extend the time for service accordingly.

Plaintiff raises this not to relieve the USMS of the duty the Court assigned, nor to take it on himself, but because his object is service, not a dispute about who failed to accomplish it.

**VII. Request for expedited consideration**

24. Plaintiff respectfully requests expedited consideration of this motion because more than six weeks have elapsed since he supplied the required service copies, yet the docket does not establish that service has been completed. This delay has prevented Plaintiff from confirming commencement of the Defendant's response period and has imposed additional procedural burdens despite Plaintiff's compliance with every service-related requirement imposed upon him.

25. Plaintiff delivered the required service copies on September 1, 2026. ECF No. 10. The Court expressly acknowledged that compliance and directed the United States Marshals Service to effect service on September 21, 2026. ECF No. 13. The fourteen-day deadline imposed by that Order expired October 5, 2026. Plaintiff notified the Court of the absence of a service return on October 6. ECF No. 16. As of the October 13 docket report, no return, accounting, or ruling addressing that notice had been entered.

26. The resulting delay is not attributable to any identified failure by Plaintiff. It arises at a procedural stage whose completion rests with the officers directed by the Court to perform service. Each additional day during which service remains unconfirmed postpones the establishment of the Defendant's response deadline and requires Plaintiff to continue monitoring a process he cannot independently complete.

27. The approaching November 12, 2026 deadline under Rule 4(m) compounds this existing procedural impairment. It is not the sole or principal reason expedited consideration is warranted.

28. Plaintiff therefore respectfully requests prompt judicial action to establish the status of service, require an accountable response from the United States Marshals Service, and preserve Plaintiff's procedural rights against delay occurring outside his control. Plaintiff does not request accelerated adjudication of the underlying merits. He requests prompt enforcement of a service directive already issued by this Court so that the case may proceed in the ordinary course.

**VIII. The non-neutral consequences of continued delay**

29. The passage of time in this procedural posture is not neutral. The challenged administrative determination remains operative without further action by the Defendant, while Plaintiff cannot obtain a responsive pleading, begin the ordinary process of narrowing the dispute, or seek adjudication on the merits until service is accomplished.

30. The resulting asymmetry is consequential. Continued inaction preserves the existing governmental determination while imposing additional burdens exclusively upon the party seeking judicial review. Plaintiff has been required to monitor the docket, preserve successive records, and prepare additional filings to secure performance of a procedural obligation that the Court has already assigned to its officers.

31. Plaintiff does not contend that this asymmetry establishes improper motive. The prejudice arises from the operation of the delay itself, independently of intent. Each additional day postpones the availability of judicial review, consumes further resources, and extends the period during which the challenged determination remains effective.

32. The requested expedited consideration therefore serves a substantive procedural purpose: preventing an unexplained failure to complete service from continuing to displace the ordinary progression of this action. Plaintiff respectfully requests that the Court recognize the non-neutral consequences of that displacement and act promptly to restore the matter to the procedural course contemplated by its September 21, 2026 Order.

**WHEREFORE**, Plaintiff respectfully requests that the Court: (1) issue an order directing the United States Marshals Service to show cause, within seven (7) days, regarding the status of its compliance with the Court's Order of September 21, 2026, ECF No. 13 — whether service was completed, attempted, or delayed, and why compliance has not been documented on the docket — by filing a sworn accounting of the receipt, custody, handling, attempted service, actual service, and disposition of the summons and amended complaint as to each recipient identified in ECF No. 13 ¶¶ 4–6, with the supporting records described in paragraph 15 above; (2) provide that if the accounting is not filed within that period, or does not answer the matters the Court directs, the United States Marshal for the Northern District of Florida or a designated supervisory official shall appear at a hearing set by the Court and account

for the status of service and compliance with ECF No. 13; (3) direct the USMS to file an executed or unexecuted return of service as to each recipient; (4) find, under Federal Rule of Civil Procedure 4(m), that Plaintiff has not caused the delay in service reflected in the record and that delay attributable to the USMS constitutes good cause, and extend the time for service, in the interim, through and including December 14, 2026, and thereafter to a date certain set by the Court following the accounting, with such further extension as Rule 4(m) requires if service remains outstanding through no fault of Plaintiff; (5) following the accounting, attribute any period of actual non-performance to the entity responsible and, if attributable solely to the USMS, so find expressly; (6) in the alternative, and only if the Court determines it appropriate on the accounting, provide for substitute service under Rule 4(i) through arrangements made by the Court at no cost to Plaintiff, and extend the time for service accordingly; (7) consider this motion on an expedited basis; and (8) grant such other and further relief as the Court deems just and proper.

## CERTIFICATE OF CONFERENCE UNDER LOCAL RULE 7.1(B)–(C)

No attorney has appeared for the Defendant, and the docket does not reflect that service of process has been completed. There is therefore no counsel for an adverse

party with whom Plaintiff could confer before filing this motion. The motion is directed to the performance of a duty by an officer of the Court rather than to any position of the Defendant. Plaintiff will confer with counsel for the Defendant on any matter in this motion once counsel appears.

## CERTIFICATE OF WORD COUNT UNDER LOCAL RULE 7.1(F)

This motion and incorporated memorandum, from the caption through the prayer for relief, contain 3,712 words, as counted by the word-processing software used to prepare it, which is fewer than the 8,000 words permitted by Local Rule 7.1(F).

Respectfully submitted,

Dated: October 14, 2026

______________________________

Osei A. Harper, Plaintiff, pro se
613 E. 9th Avenue
Havana, Florida 32333
oseis572@gmail.com
347.804.1232

## PROCEDURAL NOTE REGARDING SERVICE AND ENCLOSURES

No defendant has yet appeared in this action, and the docket does not reflect that service of process has been completed; accordingly, no certificate of service is required at this time. Because the Defendant may nonetheless have been served without a return having yet been docketed, and in the interest of the proper pursuance of notice and justice, a courtesy copy of this motion is being mailed on the date of filing to the Office of the United States Attorney for the Northern District of Florida, 111 N. Adams Street, 4th Floor, Tallahassee, Florida 32301. Plaintiff respectfully asks that the Clerk provide a copy of this motion and of any order on it to the United States Marshals Service, whose compliance is its subject. Three copies of this motion are enclosed, executed in original form, together with the attached proposed Order.

Osei A. Harper

# APPENDIX H

ECF No. 19 — Order (Oct. 15, 2026)

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**OSEI A. HARPER,**

**Plaintiff,**

**V.** **Case No. 4:26cv395-AW-MAF**

**UNITED STATES DEPARTMENT OF THE NAVY, HUNG CAO, in his Official Capacity as Acting Secretary of the Navy,**

**Defendant.**

**______________________________/**

# ORDER

Plaintiff has filed a motion for leave to file Exhibit 12 under seal. ECF No. 15. Plaintiff also filed a notice of receipt of records from the Board for Correction of Naval Records, with three exhibits attached, including Exhibit 12. ECF No. 17. Plaintiff seeks to seal Exhibit 12 because it contains medical and personnel records and unredacted personal identifiers. Plaintiff contends that redaction is not feasible because the 247-page production consists of scanned records, many handwritten or difficult to read, with personal identifiers and medical information distributed throughout the documents. Plaintiff further argues that line-by-line redaction would take

substantial time and leave little information of public value. ECF No. 15 at 4-5.

Federal Rule of Civil Procedure 5.2(d) permits the Court to order that a filing be made "under seal without redaction." Northern District of Florida Local Rule 5.5(C) requires court authorization for filing a document under seal, and Local Rule 5.5(D) requires a redacted public version when feasible. Plaintiff has not provided sufficient justification to seal Exhibit 12 rather than redact the sensitive information. Moreover, the exhibits are unnecessary at this stage of the proceedings. Local Rule 5.9(A) addresses exhibits tendered or received in evidence during a trial or hearing. No trial or hearing has been scheduled in this case, and no motion requiring the submission of exhibits is pending.

At this stage of the proceedings, Plaintiff's submission of the exhibits is premature. Service on Defendant has not been completed, so Defendant has not filed a response to the complaint. The Court does not require Plaintiff to submit evidentiary exhibits at this time. Accordingly, because there is no need for exhibits at this time, Plaintiff's motion is denied. Plaintiff may seek to submit relevant exhibits only if necessary to rule on a pending motion. To protect the privacy of Plaintiff's medical records, the submitted exhibits, ECF No. 17, will be stricken as improperly filed. Plaintiff shall have 30 days to

Page 3 of 4

retrieve them from the Clerk of the Court. The Clerk's Office will not be required to incur the expense of mailing hundreds of pages of exhibits to Plaintiff. If Plaintiff does not retrieve the exhibits within that period, they will be shredded.

Plaintiff also filed a notice regarding the expiration of the service period. ECF No. 16. A notice is not a motion. Under Local Rule 7.1 and 5.1(B), a request for "action of any kind relating to a case" must be made by motion. Accordingly, no further action will be taken on Plaintiff's notice. ECF No. 16.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion for leave to file Exhibit 12 under seal, ECF No. 15, is **DENIED**.

2. The Clerk of the Court shall **STRIKE** Plaintiff's notice and exhibits, ECF No. 17.

3. The Clerk shall retain Plaintiff's notice and exhibits, ECF No. 17, until November 16, 2026.

4. Plaintiff must retrieve the physical exhibits on or before **November 16, 2026**. Any physical exhibits remaining after that deadline will be destroyed by the Clerk.

**DONE AND ORDERED** on October 15, 2026.

**S/ Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

# APPENDIX I

ECF No. 20 — Order denying ECF No. 18 (Oct. 16, 2026)

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**OSEI A. HARPER,**

**Plaintiff,**

**V.** **Case No. 4:26cv395-AW-MAF**

**UNITED STATES DEPARTMENT OF THE NAVY, HUNG CAO, in his Official Capacity as Acting Secretary of the Navy,**

**Defendant.**
_______________________________/

# ORDER

Plaintiff, proceeding pro se and in forma pauperis, has filed a motion requesting that the United States Marshals Service (USMS) be directed to show cause concerning the status of service of process, provide a sworn accounting of its service efforts, and that the Court find good cause to extend the time for service. ECF No. 18.

On September 21, 2026, the Court entered an Order directing the USMS to serve Plaintiff's amended complaint and summons on Defendant Hung Cao and provide the required service documents to the United States Attorney for this District and the Attorney General of the United States. ECF

No. 13. The Order directed the USMS to complete service within fourteen days. *Id*. at 4. Plaintiff subsequently filed a notice advising that the fourteen-day period had expired and requesting a return of service. ECF No. 16.

The fourteen-day period expired on October 5, 2026. Service of process by the USMS generally requires approximately thirty to forty-five days to complete. The USMS has fourteen days to mail the service documents, and additional time is required for the documents to travel to the recipient, be received, and for the signed return of service to be mailed back. The absence of a return of service on the docket does not establish that service has not been attempted or completed. Moreover, the Court's September 21, 2026, Order directs the Clerk of Court to return this file upon receipt of an executed or unexecuted service return, the filing of an answer or other response, or no later than November 30, 2026. ECF No. 13 at 5. That date governs the return of the file to the Court and does not establish an additional deadline for completing service.

At this time, an Order directing the USMS to show cause or provide a sworn accounting of its service efforts is unnecessary. The Court will review the status of service upon return of the file and determine whether further action is warranted.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion for an order to show cause, sworn accounting of service, and extension of time, ECF No. 18, is **DENIED**.

2. The Clerk of Court shall return this file upon receipt of an executed or unexecuted service return, the filing of an answer or other response, or no later than November 30, 2026, as previously directed. ECF No. 13.

**DONE AND ORDERED** on October 16, 2026.

**S/ Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

# APPENDIX J

ECF No. 21 — Plaintiff's Rule 72(a) Objection (Oct. 20, 2026)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

OSEI A. HARPER,
Plaintiff,
v.
UNITED STATES DEPARTMENT OF THE NAVY, HUNG CAO, in his Official Capacity as Acting Secretary of the Navy,
Defendant.
/

Case No. 4:26-cv-00395-AW-MAF

**PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S ORDER OF OCTOBER 16, 2026 (ECF NO. 20), AND MOTION TO SET ASIDE THAT ORDER UNDER FED. R. CIV. P. 72(a) AND 28 U.S.C. § 636(b)(1)(A), WITH INCORPORATED MEMORANDUM, AND REQUEST FOR EXPEDITED CONSIDERATION**

Plaintiff Osei A. Harper, proceeding pro se and in forma pauperis, respectfully objects to the Magistrate Judge's Order of October 16, 2026, ECF No. 20, and moves the District Judge to set aside paragraph 1 of that Order under Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A). This objection is filed within fourteen days of the Order. The Order denied a motion whose principal purpose was protective: to secure, while the time for service was still open, the finding and extension that Rule 4(m) provides, so that Plaintiff would not be left to establish

FILED USDC FLND TL
OCT 20 '26 PM2:16

good cause after the period had run and the case stood in a posture of dismissal for a failure that was never his. The Order denies that protection, makes no finding, and defers the Court's own first review of service to a date after the deadline expires. In support, Plaintiff states as follows.

**I. Standard of review**

1. A magistrate judge may hear and determine a pretrial matter not dispositive of a claim or defense. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). A party may serve and file objections within fourteen days after being served with a copy of the order, and "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A finding is clearly erroneous when it has no support in the record; an order is contrary to law when it fails to apply, or misapplies, the governing rule. Plaintiff respectfully submits that the Order of October 16, 2026, does both, and that the error is not harmless, because the time within which service must be completed under Rule 4(m) continues to run against Plaintiff while the Order forecloses any inquiry into why service has not been completed by the officers the Court directed to complete it.

**II. The record**

2. Plaintiff filed this action on August 13, 2026, and was granted leave to proceed in forma pauperis. ECF No. 6. Under Rule 4(c)(3), the Court was required to order, and did order, that service be made by the United States Marshals Service ("USMS"). Fed. R. Civ. P. 4(c)(3) ("The court must so order if the plaintiff is authorized to proceed in forma pauperis"). The USMS is a bureau within the Department of Justice under the authority and direction of the Attorney General, 28 U.S.C. § 566(a), and is charged by statute to "execute all lawful writs, process, and orders issued under the authority of the United States." 28 U.S.C. § 566(c). Its duty to serve this complaint is therefore statutory; the Court's Order of September 21 particularized that duty with a method and a date. Plaintiff supplied the service copies the Court required of him. ECF No. 10.

3. On September 21, 2026, the Magistrate Judge entered the Order directing service. ECF No. 13. Paragraph 4 provides: "Within 14 days of the date of this Order, the USMS shall serve the pro se Plaintiff's amended complaint, ECF No. 4, and the summons, on Defendant Hung Cao pursuant to Federal Rule of Civil Procedure 4(i)." *Id.* at 4. Paragraphs 5 and 6 direct the USMS to send copies to the United States Attorney for this District and to the Attorney General "via

registered or certified mail." *Id.* Footnote 3 observes that the United States Attorney's Office "is located in the same building as the USMS" and that the USMS "may personally deliver the service documents rather than send them by mail." *Id.* at 4 n.3.

4. The fourteen-day period expired on October 5, 2026. No return of service, executed or unexecuted, has been filed. The USMS has filed nothing in this case and has not asked the Court for additional time.

5. On October 6, 2026, Plaintiff filed a notice advising the Court that the period had expired. ECF No. 16. On October 14, 2026, Plaintiff filed a motion asking the Court to direct the USMS to show cause regarding the status of its compliance with ECF No. 13, to file a sworn accounting of what it had done with the summons and amended complaint, and to find good cause and extend the time for service under Rule 4(m). ECF No. 18.

6. On October 15, 2026, the Magistrate Judge entered an Order denying Plaintiff's motion to seal and striking his exhibits as premature. ECF No. 19. That Order states, as a ground for striking the exhibits: "Service on Defendant has not been completed, so Defendant has not filed a response to the complaint." *Id.* at 2.

7. On October 16, 2026, the Magistrate Judge entered the Order now objected to. ECF No. 20. It denies the motion in its entirety. *Id.* at 3 ¶ 1. Its reasoning occupies one paragraph:

> "The fourteen-day period expired on October 5, 2026. Service of process by the USMS generally requires approximately thirty to forty-five days to complete. The USMS has fourteen days to mail the service documents, and additional time is required for the documents to travel to the recipient, be received, and for the signed return of service to be mailed back. The absence of a return of service on the docket does not establish that service has not been attempted or completed." ECF No. 20 at 2.

8. The Order then states that the November 30, 2026 date in ECF No. 13 ¶ 9 "governs the return of the file to the Court and does not establish an additional deadline for completing service," that an order to show cause or accounting "is unnecessary," and that "[t]he Court will review the status of service upon return of the file and determine whether further action is warranted." *Id.* at 2.

9. Under Rule 4(m), the ninety-day period for service runs from August 13, 2026. The ninetieth day is November 11, 2026, a legal holiday, so the period ends on November 12, 2026. Fed. R. Civ. P. 6(a)(1)(C). The Order does not mention that date. It denies the extension Plaintiff requested and makes no finding, in either direction, on good cause.

**III. What the motion asked, and what the Order answered**

10. The motion asked for two things, in this order of importance. First, it asked the Court to find now — before November 12, on a record in which Plaintiff has done everything required of him and the USMS has done nothing visible — that any delay is attributable to the USMS and constitutes good cause, and to extend the time for service to a date certain. ECF No. 18 at 13 (relief (4)). The purpose of asking in advance is the whole purpose: a finding made while the period is open protects the case; a finding sought after the period closes requires Plaintiff to litigate, from a posture of default, a failure he did not commit. Rule 4(m) permits the first and does not require the second. Second, the motion asked that the USMS be required to account for the status of its compliance, so that the Court would have an actual record on which to make that finding rather than an estimate. ECF No. 18 at 12–13 (relief (1)–(3)).

11. The Order addresses only the second request, and only to say it is "unnecessary." It does not address the first at all, except to deny it in the decretal paragraph. The effect is to convert a prospective request into a retrospective one: Plaintiff asked for protection before the deadline and was told the Court would look at service "upon return of the file," ECF No. 20 at 2 — which, under ECF No. 13 ¶ 9,

means no later than November 30, 2026, eighteen days after the Rule 4(m) period ends. The Court has scheduled its own first examination of service for a date after the only deadline it left in place.

12. The motion did not ask the Court to compel the USMS to complete service by a particular day. It asked the Court to require the USMS to say what it had done. ECF No. 18 at 12–13 (relief (1)–(3)). That is a different request, and it is a modest one. Whether the USMS has complied with ECF No. 13 can be stated on a single page: the date the summons and amended complaint were dispatched to the Secretary of the Navy and by what method; the date and method of transmission to the Attorney General; and whether the documents for the United States Attorney were walked to the fourth floor or mailed, and when. Registered and certified mail — the methods the Court itself prescribed in ECF No. 13 ¶¶ 5–6 — produce a receipt at the moment of dispatch. The proof that the Marshals did what the Court ordered, if they did it, has existed since the day they did it. Nothing about it requires thirty to forty-five days to produce.

13. The Order answers a request for a report with an estimate of the time completion takes. It treats the two as the same thing. They are not. A litigant who asks an officer of the court to account for the status of a court-ordered task is not asking

that the task be finished; he is asking to know whether it has begun. The Order's reasoning, taken on its own terms, would be a reason to deny a motion to compel completion by October 5. It is not a reason to deny a motion to learn whether anything was mailed.

## IV. Specific objections

### A. The Order rests on a factual finding that has no source in the record and was made without notice or an opportunity to be heard.

14. The statement that "[s]ervice of process by the USMS generally requires approximately thirty to forty-five days to complete" is a finding of fact about the practice of a non-party. No declaration supports it. No filing by the USMS supports it; the USMS has filed nothing. No rule, standing order, or published procedure is cited. The finding appears for the first time in the Order itself, and the Order relies on it as the reason the absence of any return "does not establish" non-performance.

15. If the Court intended to take judicial notice of the ordinary duration of USMS service, Federal Rule of Evidence 201 required that the fact be "not subject to reasonable dispute" and entitled Plaintiff, on request, "to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed." Fed. R. Evid. 201(b), (e). Plaintiff was not heard. He now requests to be. The fact is

subject to reasonable dispute on the face of this record: the Court's own Order observed that one of the three recipients sits "in the same building as the USMS" and could be served by hand, ECF No. 13 at 4 n.3, and the two others were to be served by registered or certified mail, which is dispatched in a day and tracked from that day forward. A general estimate of thirty to forty-five days cannot be reconciled with the specific arrangements the Court itself made for this case.

16. Whether the statement is treated as judicial notice taken without the procedure Rule 201 requires, or simply as a finding with no support in the record, the result is the same: a generalized estimate of what an agency usually does cannot substitute for case-specific evidence of what it did, when the question before the Court is whether it complied with a specific order in a specific case. A finding with no support in the record is clearly erroneous by definition. Plaintiff respectfully objects to it and to every conclusion in the Order that depends on it.

**B. The Order restates the September 21 Order as requiring something other than what it says, and does not acknowledge the change.**

17. ECF No. 13 ¶ 4 directs that "[w]ithin 14 days of the date of this Order, the USMS shall serve" the amended complaint and summons on Defendant. ECF No. 20 describes that same provision as follows: "The USMS has fourteen days to mail the service documents." ECF No. 20 at 2. The word "serve" has become the word

"mail." The Order does not say that it is construing, clarifying, or amending ECF No. 13; it presents the restatement as a description of what the earlier Order already required.

18. Plaintiff does not contend that a court may never clarify its own order. He objects that this was done eleven days after the period expired, in response to a motion that relied on the plain text of the Order, in favor of an officer who had neither asked for the clarification nor offered any account of its own, and without saying that the meaning was being changed. If ECF No. 13 ¶ 4 meant "mail within fourteen days," the Order could have said so on September 21. If it meant what it says, the period for service expired on October 5 and the USMS has not accounted for it. The Order does not choose between those readings; it adopts the second as a description of the first. That is contrary to the text of the order being described, and Plaintiff respectfully objects. He adds one point about effect. An estimate of the USMS's ordinary practice, even if accurate, does not amend a directive issued under Rule 4(c)(3) and 28 U.S.C. § 566(c), and it does not extend the period that Rule 4(m) sets for Plaintiff. The fourteen-day directive remains as written, and the ninety-day period remains as written. The Order

leaves both in place and excuses performance of the first while declining to extend the second.

**C. The Order denies a Rule 4(m) extension without making the finding Rule 4(m) requires.**

19. Rule 4(m) provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m) (emphasis added). In this Circuit, a plaintiff proceeding in forma pauperis who has done what is required of him and relied on the USMS to effect service has good cause for delay attributable to the USMS. *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286–88 (11th Cir. 2009); *see Fowler v. Jones*, 899 F.2d 1088, 1095 (11th Cir. 1990). Plaintiff has done what was required of him, ECF No. 10, and the record contains no suggestion otherwise.

20. The Order denies the requested extension. ECF No. 20 at 3 ¶ 1. It does not find that good cause is absent. It does not find that Plaintiff caused or contributed to the delay. It does not address Rule 4(m) at all. The only sentence in the Order that touches a deadline is the statement that November 30 "does not establish an additional deadline for completing service" — which, if correct, means the only operative deadline for service in this case is the Rule 4(m) deadline of November 12, 2026, the very deadline the Order declines to extend and does not mention.

21. Plaintiff does not contend that the Court was bound to grant the extension on October 16 regardless of what the record showed. He contends that the motion placed the question of good cause before the Court while the period was open, on a record in which he had complied with everything required of him and the USMS had filed nothing, and that the Order resolved the request against him without deciding the question. Rule 4(m) makes the extension mandatory once good cause is shown; a denial that neither finds good cause absent nor explains why the showing was insufficient is a denial without the determination the rule calls for, and it is contrary to law for that reason. It leaves Plaintiff in the position of having asked for the protection the rule provides, having been refused it without reasons, and having no finding he can point to when November 12 arrives. If service is then incomplete, the burden of showing good cause — of reconstructing, after the fact and without the USMS's records, why officers of the Court did not do what the Court ordered — will fall on the one participant who complied. That is a redistribution of effort that the motion was filed to avoid and that a timely finding would have made unnecessary. Plaintiff respectfully objects.

**D. The Order cannot be reconciled with the Order entered the day before.**

22. On October 15, the Court struck Plaintiff's exhibits as premature on the stated ground that "[s]ervice on Defendant has not been completed." ECF No. 19 at 2. On October 16, the Court denied Plaintiff's request for an accounting on the stated ground that "[t]he absence of a return of service on the docket does not establish that service has not been attempted or completed." ECF No. 20 at 2. The record was the same on both days. On the first day the absence of a return was sufficient to establish that service was incomplete, and that finding was used to strike Plaintiff's filing. On the second day the same absence established nothing, and that conclusion was used to deny Plaintiff's motion.

23. Plaintiff does not ask the Court to say which day was right. He observes that both cannot be, and that on either reading one of the two Orders rests on a clearly erroneous view of the same fact. If service has not been completed, as ECF No. 19 finds, then the Rule 4(m) period is running against Plaintiff with twenty-three days remaining, and an accounting of why is not "unnecessary." If the absence of a return establishes nothing, as ECF No. 20 holds, then the ground on which ECF No. 19 struck Plaintiff's exhibits was equally unestablished. Plaintiff respectfully objects to the inconsistency, and to the fact that in each instance it

was resolved against the party who had complied with every order directed to him.

**E. The Order supplies, on the Marshals' behalf, an account the Marshals have not given.**

24. Plaintiff raises this objection with care, because it concerns the posture of the tribunal rather than the text of a rule, and because he has no wish to be understood as questioning the good faith of the Magistrate Judge. He questions the process. The USMS is an officer of this Court and a party to no part of this case. It was given a direct order with a date. The date passed. It has filed nothing — no return, no status, no request for time. The only account of what the Marshals have done, or of how long their work ordinarily takes, that exists anywhere in this record was written by the Court, in an order denying Plaintiff's request that the Marshals be made to speak for themselves.

25. A neutral tribunal does not need to supply the explanation that an officer before it has declined to give. When it does, the record no longer distinguishes the Court's view from the officer's, and the litigant who asked for an account is left to argue with the bench rather than with the Marshal. That is the position this Order places Plaintiff in. He would prefer to put the question of non-compliance to those who have not complied, and to ask them for its reason, rather than to

object to an order of this Court. It is an unfortunate position, and not one Plaintiff wished to occupy; but with no other avenue of relief open to him, he is compelled to. He asks only that the Marshal be required to appear on paper and say what was done, so that the Court may judge it, rather than that the Court describe what was probably done so that no one need judge it at all.

**V. Prejudice**

26. The prejudice is not abstract. Under Rule 12(a)(2), Defendant's sixty days to respond run from service on the United States Attorney — the one recipient the Court noted could be served by hand, in the same building, on the first day. ECF No. 13 at 4 n.3. Every day that service remains uncompleted and unaccounted for is a day added to the end of this case, and Plaintiff cannot move it forward by any act of his own; the Court has already ruled that exhibits are premature until Defendant responds, ECF No. 19, and Defendant cannot respond until served. Plaintiff is held to the strict form of every filing he makes — a notice is not a motion, ECF No. 19 at 3; exhibits before a response are stricken, *id.* at 2 — and he does not object to being held to it. He objects to being the only participant in this case who is.

27. Plaintiff is a United States Navy veteran who continues to live with unresolved injuries originating during military service. Plaintiff experiences significant physical limitations, requires a cane for mobility, and participates in ongoing physical therapy in an effort to recover function. Although Plaintiff's characterization of discharge has prevented formal recognition of disabled-veteran status by the Navy, the underlying physical injuries and resulting limitations remain.

28. Plaintiff raises these circumstances not to request preferential treatment, but to establish the substantial disparity in resources and practical burdens between the parties responsible for complying with the Court's directives.

29. Proceeding pro se and in forma pauperis, Plaintiff has nevertheless complied with the Court's requirements through sustained personal effort, notwithstanding financial hardship, physical limitations, and the expense and difficulty of preparing and submitting the required filings. The service copies were supplied when ordered. ECF No. 10. The notice of expiration was filed the day after the period ran. ECF No. 16. The motion followed within nine days. ECF No. 18. This objection is filed four days after the Order it objects to.

30. The United States Marshals Service, by contrast, is an established federal institution possessing personnel, administrative infrastructure, and resources dedicated to carrying out its statutory responsibilities. The Court expressly directed that service be completed within fourteen days.

31. If Plaintiff, operating under these substantial constraints, can comply with the Court's directives, Plaintiff respectfully questions why a federal institution should receive the practical benefit of a substantially longer period without providing any case-specific explanation for its inability to comply. Plaintiff has understood from the first day of this case that a single missed deadline would place his position at risk, and that no one would write an order explaining, on his behalf, that pro se filings generally take longer.

32. The issue is not whether administrative delays are possible. The issue is whether an administrative expectation can substitute for demonstrated compliance with a judicial directive.

33. A presumption of regularity cannot itself establish the factual occurrence of an act whose completion remains undocumented. Nor should generalized institutional practice be treated as a sufficient substitute for an accounting when compliance with an express judicial order is the very matter in dispute.

34. Plaintiff respectfully requests that the Court apply consistent standards of procedural accountability and require the United States Marshals Service to identify the status of service, any impediments to compliance with the original directive, and the anticipated date upon which service will be completed.

35. The officers directed to serve his complaint were given fourteen days and a footnote telling them one recipient was downstairs. Twenty-nine days later, the Court has excused the delay on their behalf, without hearing from them, and declined to extend the time that is running against the only party who has complied. The effort of accounting for the Marshals' performance has been moved from the Marshals, who hold the receipts, to Plaintiff, who does not, and from the present, when it would cost a page, to a future in which it will be contested. That is avoidable effort, avoidably redistributed.

36. There is a simple way to resolve this that costs the USMS nothing it does not already possess. Its receipts exist, or they do not. A one-page statement of dispatch dates and methods, filed within seven days, would answer every question the motion raised, would allow the Court to make the Rule 4(m) finding on an actual record rather than an estimate, and would either confirm that service is proceeding — in which case Plaintiff will have lost nothing but his concern

— or reveal that it is not, in which case the Court will have learned so within a week of its order rather than on November 30.

**VI. Request for expedited consideration**

37. Plaintiff requests expedited consideration under the Court's inherent authority because the Rule 4(m) period ends on November 12, 2026, and the Order objected to has left that date unaddressed and unextended. A ruling after November 12 may leave the question of good cause to be litigated retrospectively, which serves no one.

**WHEREFORE**, Plaintiff respectfully requests that the District Judge: (1) sustain this objection and set aside paragraph 1 of the Order of October 16, 2026, ECF No. 20, as clearly erroneous and contrary to law; (2) extend the time for service, now and before the Rule 4(m) period expires on November 12, 2026, through and including December 14, 2026, or to such later date certain as the Court sets after the status of service is known, and find — on the present record or upon the statement requested in (3) — that Plaintiff has not caused the delay in service reflected in this record and that delay attributable to the United States Marshals Service constitutes good cause; (3) direct the United States Marshals Service to file, within seven (7) days, a statement under penalty of perjury setting out, as to each recipient identified in ECF

No. 13 ¶¶ 4–6, the date and method of dispatch or personal delivery, any registered or certified mail article number, the date and content of any return or receipt obtained, any impediment to compliance with ECF No. 13, and the anticipated date on which service will be completed; (4) in the alternative, and before any reliance is placed on the finding that service by the USMS "generally requires approximately thirty to forty-five days," afford Plaintiff the opportunity to be heard on that fact under Federal Rule of Evidence 201(e); (5) consider this objection on an expedited basis in light of the November 12, 2026 date; and (6) grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: October 20, 2026

Osei A. Harper, Plaintiff, pro se
613 E. 9th Avenue
Havana, Florida 32333
oseis572@gmail.com
347.804.1232

**CERTIFICATE OF CONFERENCE UNDER LOCAL RULE 7.1(B)–(C)**

No conference was possible. Defendant has not been served and has not appeared, and the United States Marshals Service is not a party. Plaintiff has been diligently

waiting for service to be perfected so that he may confer with counsel for Defendant on this objection and on any other matter, and will do so promptly upon appearance. The will to confer is present; the inability to do so is a consequence of the delay in service that is the subject of this objection, not of any choice by Plaintiff.

## CERTIFICATE OF WORD COUNT UNDER LOCAL RULE 7.1(F)

This objection and incorporated memorandum, from the caption through the prayer for relief, contain 4,503 words, as counted by the word-processing software used to prepare it, which is fewer than the 8,000 words permitted by Local Rule 7.1(F).

## CERTIFICATE OF SERVICE

No party has appeared, and there is no one to be served under Rule 5(a). Plaintiff has filed this objection with the Clerk of Court by hand delivery on the date shown above. Should the Court wish the United States Marshals Service to receive a copy, Plaintiff respectfully requests that the Clerk provide one, as the USMS is an officer of the Court and not a party on whom Plaintiff may serve papers.

______________________________
Osei A. Harper

# APPENDIX K

ECF No. 22 — Order overruling objections (Oct. 22, 2026)

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**OSEI A. HARPER,**

**Plaintiff,**

**v.** **Case No. 4:26-cv-395-AW-MAF**

**UNITED STATES DEPARTMENT OF THE NAVY and HUNG CAO, in his official capacity as Acting Secretary of the Navy,**

**Defendants.**

_______________________________/

**ORDER OVERRULING OBJECTIONS AND DENYING MOTION TO SET ASIDE**

This case was referred to the magistrate judge, who has conducted pretrial proceedings to this point. Plaintiff has challenged the magistrate judge's decision to deny his motion for an order directing the USMS to provide a sworn accounting, and for other relief. ECF No. 21 (challenging ECF No. 20).

When a party objects to a magistrate judge's order on a nondispositive matter like this one, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).

Plaintiff's objections (ECF No. 21) are OVERRULED because Plaintiff has not shown that any part of the magistrate judge's order was clearly erroneous or contrary to law.

The motion to set aside the magistrate judge's order (ECF No. 21) is DENIED.

The magistrate judge will conduct appropriate further proceedings.

SO ORDERED on October 22, 2026.

s/ *Allen Winsor*
Chief United States District Judge

# APPENDIX L

ECF No. 23 — Plaintiff's Motion for Clarification, Prospective Rule 4(m) Protection, Enforcement of Court-Directed Service, and Determination of Available Relief, with Request for Expedited Consideration, and Proposed Order (Nov. 5, 2026)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

OSEI A. HARPER,
Plaintiff,
v.
UNITED STATES DEPARTMENT OF THE NAVY, HUNG CAO, in his Official Capacity as Acting Secretary of the Navy,
Defendant.
/

Case No. 4:26-cv-00395-AW-MAF

**PLAINTIFF'S MOTION FOR CLARIFICATION, PROSPECTIVE RULE 4(m) PROTECTION, ENFORCEMENT OF COURT-DIRECTED SERVICE, AND DETERMINATION OF AVAILABLE RELIEF, WITH INCORPORATED MEMORANDUM, AND REQUEST FOR EXPEDITED CONSIDERATION**

## I. Preliminary Statement

In light of recent activity on the docket, Plaintiff once again carefully and respectfully approaches this Court seeking procedural protection, clarification, and the orderly advancement of this action.

Plaintiff acknowledges the Court's prior rulings and understands that his previous requests for intervention have been denied. Nevertheless, those determinations have left several material questions concerning the governing law, the continuing

FILED USDC FLND TL
NOV 5 '26 AM11:01

authority of the Court's September 21, 2026 service directive, and the protections afforded under Federal Rule of Civil Procedure 4(m) unresolved.

Plaintiff does not seek to challenge the Court's authority or demand agreement with his interpretation of the law. Rather, Plaintiff respectfully seeks to reconcile the existing procedural record with the applicable statutory and procedural requirements, ensuring that the Court's lawful directives retain their intended effect and that the administration of justice proceeds without unnecessary prejudice.

The passage of additional time has made these questions increasingly consequential. On September 21, 2026, this Court directed the United States Marshals Service ("USMS") to complete service within fourteen days. ECF No. 13 ¶ 4. That period expired October 5, 2026.

On October 16, 2026, the Court observed that service by the USMS generally requires approximately thirty to forty-five days. ECF No. 20 at 2. The Court did not identify an administrative or evidentiary source for that estimate, nor expressly modify its September 21 service directive.

As of the filing of this Motion, forty-five days — the full outer bound of the Court's own estimate — have elapsed since the September 21, 2026 service order. No return of service, executed or unexecuted, has been filed. No statement from the United

States Marshals Service has been filed. No appearance has been entered on behalf of Defendant. By the time this Motion is considered, the period the Court itself identified as the ordinary time for completion will have been exceeded. As of the date of this Motion, the directive entered on September 21, 2026 remains unsatisfied on the record of this case, as it has on every day since the fourteen-day period expired on October 5, 2026.

That is a fact that was not before the Court on October 16, 2026. When ECF No. 20 was entered, twenty-five days had elapsed since the service order, and the Court relied on an estimate that service "generally requires approximately thirty to forty-five days to complete." ECF No. 20 at 2. The factual premise of that ruling — that service might still be within the ordinary processing window — is no longer available. The benchmark the Court selected has run, on the Court's own terms, and nothing has changed on the docket.

Nor does the record permit the period to be measured from some later date of receipt by the USMS. The Court's order of September 21 directed the Clerk to provide the reissued summons, copies of the order, and Plaintiff's service copies to the USMS, ECF No. 13 ¶ 3, and the summons was reissued the same day. ECF No. 14. The October 16 estimate does not specify a starting date; but on any reading, the

documents were in the Clerk's hands for delivery to the USMS on September 21, and the Court's estimate was announced with knowledge of that date. If the USMS received the documents later than September 21, the date of receipt is a fact within its exclusive knowledge — which is precisely why an accounting is necessary.

Plaintiff previously requested a sworn accounting of service, a determination of good cause under Rule 4(m), and appropriate protective relief. ECF No. 18. Those requests were denied. ECF No. 20.

Plaintiff then identified specific factual and legal objections pursuant to Rule 72(a). ECF No. 21. Those objections were overruled without an individualized explanation resolving the identified discrepancies. ECF No. 22.

Plaintiff does not separately move for reconsideration of ECF No. 20. This Motion is directed to new matter that did not exist when ECF No. 20 was entered: the Court's own estimate of the time service ordinarily requires has now elapsed. If, however, the Court determines that the interest of justice and the orderly administration of this case warrant revisiting ECF No. 20, Plaintiff would concur in that course.

Plaintiff recognizes the Court's authority to rule adversely to his requests. He respectfully submits, however, that an adverse disposition does not eliminate the

continuing procedural questions where the underlying service obligation remains unresolved.

Accordingly, Plaintiff presents four narrow questions for the Court's consideration, each concerning authority already vested in this Court and relief available under existing federal law.

Each of the four concerns the same underlying issue: whether the Court's authority over its own officer is exercised through orders that bind, or through explanations that excuse. The first concerns the Rule 4(m) protection the rule requires. The second concerns the enforcement of the order the Court issued. The third concerns the standard by which nonperformance is assessed. The fourth concerns what remains available when the first three are denied. They are presented separately because each is answerable from the record, but they share a single premise: that a judicial directive retains its force unless modified through an appropriate exercise of judicial authority, and that a presumption of regularity cannot supply the modification that was never made.

**II. First Question: The denial of prospective protection under Rule 4(m) where the source of potential noncompliance was already identified**

Plaintiff respectfully seeks clarification of the Court's denial of prospective relief under Federal Rule of Civil Procedure 4(m).

Rule 4(m) provides that where a plaintiff demonstrates good cause for failure to accomplish timely service, the Court must extend the period for service for an appropriate time.

The Eleventh Circuit has expressly recognized that failure by the United States Marshal to accomplish service through no fault of a plaintiff proceeding in forma pauperis constitutes good cause. *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1288 (11th Cir. 2009).

Here, Plaintiff has fulfilled every service-related obligation imposed upon him.

He requested service by the USMS, supplied the required service copies, and complied with the Court's directives. The Court acknowledged that compliance in ECF No. 13.

Responsibility for the remaining service process was expressly assigned to the USMS pursuant to Rule 4(c)(3) and 28 U.S.C. § 1915(d).

Plaintiff therefore requests clarification as to why prospective Rule 4(m) protection was denied when the circumstances threatening timely service had already been identified and were not attributable to Plaintiff.

Plaintiff further respectfully asks:

> *Must an indigent plaintiff await expiration of the Rule 4(m) service period, and incur the resulting procedural uncertainty, before the Court exercises its existing authority to prevent foreseeable prejudice arising from the nonperformance of its appointed service agent?*

Plaintiff recognizes that *Rance* addressed a failure of service after expiration of the applicable period. He does not contend that the decision automatically mandates every prospective extension requested.

Rather, he submits that Rule 4(m) permits the Court to exercise its protective authority before expiration and asks why such relief was declined when the responsible agency's delay was already apparent.

The distinction is between waiting for an avoidable procedural injury to mature and using existing judicial authority to prevent that injury.

Plaintiff asks the Court to hold one date in view while it considers this request. This Motion is filed on November 5, 2026. The ninety-day period under Rule 4(m) ends on November 12, 2026. Between the two lie seven calendar days and, the Court

being closed on November 11, five business days. On November 12, the Court acquires the authority, after notice to Plaintiff, to dismiss this action without prejudice for want of service — or, in the alternative the rule itself provides, to order that service be made within a specified time, which is all Plaintiff has ever asked. The service in question is service that Rule 4(c)(3) required the Court to assign to its own officer, that the Court so assigned on September 21, and that the officer has neither performed nor accounted for in the forty-five days since.

Plaintiff asks the Court to be precise about what "without prejudice" would mean here. It would mean a new complaint, a new application to proceed in forma pauperis, a new order of referral to the same United States Marshals Service, and a new ninety-day period that begins at the same gate, with the same officer holding the summons, and with no more assurance of performance than this record shows. Every day of this case since August 13, 2026 would be lost, and nothing that caused the loss would have changed. That is the most concrete form of prejudice the rules recognize, and it is seven days away.

Plaintiff showed good cause in ECF No. 18. The Court did not find it absent; it did not address it. Plaintiff renews that showing here on a record that has only strengthened since — the Court's own forty-five-day estimate has now run, and the

docket is unchanged. He respectfully submits that a denial of prospective protection entered now would be entered with full knowledge that five business days remain, that the delay is attributable to no act or omission of his, and that the consequence of inaction falls entirely on the one participant who has complied. The passage of time has not made this request less necessary. It has made it the only thing standing between a compliant plaintiff and the loss of his case to an officer's silence.

Plaintiff respectfully requests an appropriate prospective extension of the Rule 4(m) deadline, together with a determination that delay attributable solely to the USMS shall not be imputed to Plaintiff.

**III. Second Question: The legal basis for continued nonenforcement of the Court's September 21 directive without an express modification or an accounting**

Plaintiff respectfully seeks clarification concerning the continued nonenforcement of the Court's September 21, 2026 service directive.

That directive was not an administrative recommendation or a discretionary preference. It was an affirmative judicial order.

Paragraph 4 expressly provided that the USMS "shall serve" the amended complaint and summons within fourteen days.

Paragraphs 5 and 6 identified additional recipients and prescribed methods of transmission. Footnote 3 expressly recognized that documents intended for the United States Attorney's Office could be delivered personally because that office was located in the same building as the USMS.

The Court therefore established both a time for performance and the mechanisms by which performance could be accomplished.

The October 16 order subsequently stated that service generally requires thirty to forty-five days and described the original fourteen-day period as the time available for mailing the documents. ECF No. 20 at 2.

However, the original directive did not expressly distinguish a fourteen-day mailing period from a separate, longer completion period.

Nor did the subsequent ruling expressly vacate, amend, or extend the original directive.

Two further features of the September 21 order bear on this. First, the order itself anticipated the possibility that service would not be completed, and said what the USMS was to file in that event: the Clerk was directed to return the file "upon receipt of an executed or unexecuted service return." ECF No. 13 ¶ 9. An unexecuted return requires no completion, no transit time, and no signed receipt from any recipient. It

is a report of status, and the Court named it in the order. The October 16 explanation addresses only the time that completed service ordinarily takes. It does not address why the document the order expressly contemplated for incomplete service — an unexecuted return — has likewise never been filed.

Second, the Court's authority over its officer is exercised through its orders, and the only order ever directed to the USMS in this case is ECF No. 13, transmitted to it by the Clerk on September 21 with the reissued summons. ECF No. 14. The October 16 order is not a directive to the USMS; it is a disposition of Plaintiff's motion, addressed to Plaintiff, which the USMS has not been served with and which imposes no obligation on it. Whatever ECF No. 20 states about a fourteen-day period for mailing or a thirty-to-forty-five-day period for completion, it did not modify what the USMS was ordered to do. The only directive the USMS holds remains the one whose date has passed, and the only documents that directive called for — an executed or unexecuted return — remain unfiled.

The timing of that ruling should be stated precisely. The thirty-to-forty-five-day timeframe appears nowhere in the September 21 order. It was first announced on October 16, 2026 — eleven days after the fourteen-day period expired on October 5, two days after Plaintiff moved for an accounting of compliance, and one day after

the Court stated in a separate order that "[s]ervice on Defendant has not been completed." ECF No. 19 at 2. Whatever else may be said of it, a timeframe first articulated after the expiration of the deadline it is offered to excuse cannot have governed the officer's conduct during the period in question, and cannot retroactively convert nonperformance within that period into performance.

Plaintiff notes, because this is an action under the Administrative Procedure Act and the principle will govern its merits, that the October 16 explanation is *post hoc* in the precise sense that term carries in administrative law. The United States Marshals Service offered no reason for its nonperformance at the time, and has offered none since. The reason that now appears in the record was supplied eleven days after the deadline, by the Court, in response to Plaintiff's motion.

The rule that an action must be judged on the grounds actually given by the actor at the time, and not on rationalizations supplied afterward by others, is foundational. *SEC v. Chenery Corp.*, 318 U.S. 80, 87–88, 95 (1943); *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983) (courts "may not accept appellate counsel's *post hoc* rationalizations for agency action"). Plaintiff does not suggest that the Court sits as an agency. He observes that the Court will shortly be

asked to apply that rule to Defendant, and that the explanation now on the record for the Marshals' nonperformance is one the rule would not permit Defendant to offer.

Plaintiff acknowledges that a federal court possesses authority to modify its own procedural orders when warranted by law and circumstances.

The question is not whether the Court possessed authority to grant additional time. It is whether additional time was lawfully granted, and what legal effect an administrative processing estimate may possess in the absence of such modification. Further, the estimate appeared in the Court's ruling without an identified declaration, filing, or other administrative record establishing its factual basis.

Plaintiff respectfully submits that a generalized estimate concerning the ordinary duration of service cannot independently establish whether the USMS complied with a particular judicial directive in a particular case.

Under 28 U.S.C. § 566(a) and (c), obedience to and execution of lawful federal judicial process are express statutory responsibilities of the USMS.

The Service is therefore subject to the lawful authority of this Court when carrying out the responsibilities assigned to it.

Ordinarily, a person or entity unable to comply with a judicial directive is expected to seek appropriate relief, explain the impediment, and obtain such modification as the Court determines justified.

Nor did the Court's authority to inquire ever depend on a filing by Plaintiff. A court's power to enforce its own orders is inherent and may be exercised on its own motion. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Under Rule 4(c)(3) and 28 U.S.C. § 1915(d), the officers of the Court serve process for a plaintiff proceeding in forma pauperis; the directive in ECF No. 13 was the Court's own, addressed to its own officer, and the Court could have required a report of its execution at any time after October 5, 2026, whether or not any party asked. Plaintiff's notice of October 6, ECF No. 16, was therefore not a request that the Court acquire authority it lacked; it was a report that authority the Court had already exercised had not been carried out. The Court declined to act on it because "a notice is not a motion." ECF No. 19 at 3. Plaintiff does not revisit that disposition here. He observes only that the motions which followed — ECF No. 18, ECF No. 21, and this one — have each asked the Court to do what it was free to do without being asked, and that the form of the asking has now been corrected three times without the substance being reached. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (pro se filings construed liberally).

The allocation of the burden of explanation is also settled in this Circuit, and it does not run the way the October 16 order ran it. Where a valid and unambiguous order has been entered and the record shows it has not been complied with, the burden shifts to the party that did not comply to come forward with evidence explaining why. *FTC v. Leshin, 618 F.3d 1221, 1232 (11th Cir. 2010)*; *see Georgia Power Co. v. NLRB*, 484 F.3d 1288, 1291 (11th Cir. 2007) (civil contempt requires clear and convincing proof that the order was valid and lawful, clear and unambiguous, and that the alleged violator had the ability to comply; the inquiry concerns actual compliance, not subjective intent). Plaintiff does not seek a finding of contempt and has said so. He cites these authorities for a narrower point: each element they describe appears on the face of this record — an order entered under Rule 4(c)(3); a fourteen-day period, three named recipients, and a prescribed method; and a recipient "located in the same building as the USMS," ECF No. 13 at 4 n.3 — and the burden of explaining what followed belongs, under this Circuit's law, to the officer who did not perform. The October 16 order did not place that burden on the officer. It discharged the burden for him, with an estimate the officer never offered — and in doing so it returned the burden to Plaintiff, who must now establish nonperformance without the officer's records, against a presumption the officer

never invoked, in order to obtain the explanation the law says the officer owes unprompted. The denial of the requested accounting therefore did not merely decline to exercise a discretionary authority; it foreclosed the only mechanism by which the burden of explanation could be shifted to the officer who holds the facts. The burden did not disappear. It changed hands, from the party who holds the facts to the party who does not. Plaintiff asks only that it be placed where the law places it, so that whatever explanation exists may be given by the party who has it.

Plaintiff respectfully requests clarification concerning the apparent disparity between that ordinary expectation of accountability and the treatment afforded the unresolved service obligation in this action.

Specifically, Plaintiff asks:

> *Where an express judicial directive remains unmodified, what legal authority permits an unsupported estimate of agency processing time to substitute, in practical effect, for compliance with that directive, without requiring the responsible agency to account for its nonperformance?*

Plaintiff does not request a finding of contempt or presume intentional misconduct by the USMS.

He requests that the ordinary mechanisms of judicial accountability be applied: an ascertainable account of compliance, identification of any impediment, and appropriate directions for completing the outstanding service obligation.

This request is made in deference to the authority vested in this United States District Court and in furtherance of the principle that lawful judicial directives retain their force unless modified through an appropriate exercise of judicial authority.

**IV. Third Question: The standard by which the absence of any record of performance was found not to establish nonperformance**

Plaintiff raises this question with particular care, because it concerns the reasoning of the October 16 order rather than its result, and because it bears directly on the question this action was brought to present.

The October 16 order concluded that "[t]he absence of a return of service on the docket does not establish that service has not been attempted or completed." ECF No. 20 at 2. Stated as a rule, that sentence holds that an officer of the United States, directed to perform an act by a date, is to be presumed to have performed it — or to be performing it — in the absence of any record either way. That is the presumption of regularity: the presumption that public officers have properly discharged their official duties, applied in the absence of clear evidence to the contrary.

One further fact about how the presumption came to be applied should be stated. It was not invoked by the party it benefited. The United States Marshals Service has filed nothing in this case and has asserted nothing about its own performance. Defendant has not appeared. The presumption of regular performance was supplied by the Court on the officer's behalf, in response to a motion from the only participant who had spoken to the question, and it was sustained on review over that participant's specific objection. ECF Nos. 20, 22.

Plaintiff does not dispute that the presumption exists or that it has a proper place. He observes that it is a presumption, and that a presumption is by definition rebuttable by evidence of irregularity. The question is what evidence suffices.

Plaintiff adds a distinction that the October 16 order does not draw. The presumption of regularity — *omnia praesumuntur rite et sollemniter esse acta* — concerns the manner in which an official act was performed. Where the record shows that an officer acted, the law presumes that the act was done rightly, and the burden falls on the party challenging it to show otherwise. The presumption cannot, without an additional factual basis, establish that the act occurred in the first place. The Court did not presume the regularity of an established act. It presumed the future occurrence of an unperformed or unverified act, notwithstanding the expiration of a

date-certain judicial directive. An expectation that the United States Marshals Service ordinarily completes service within thirty to forty-five days is neither evidence that service occurred nor a finding that the operative deadline was modified. The question is not whether service might eventually occur, but whether compliance with the Court's existing order was established when the Court declined to require an accounting.

The order of operations matters. A court may fairly presume, of an officer shown to have acted, that the documentation is in transit — that the act has likely occurred and its proof has not yet arrived. That is a presumption about a completed act, and it is the presumption the maxim describes. What a court may not do, under the name of the same presumption, is reason that the act has likely not yet been completed but surely will be in some future period. That is not a presumption; it is a forecast, and it lies well beyond the scope of *omnia praesumuntur*. The October 16 order's own words place it in the second category: fourteen days to mail, "additional time … for the documents to travel to the recipient," a return "to be mailed back." ECF No. 20 at 2. The order describes a process it expects to be underway, not an act it presumes to have been done.

Nor does the record permit the October 16 reasoning to be understood as a determination that the status of service was simply unknown. One day earlier, the Court had found — as the stated ground for striking Plaintiff's exhibits — that "[s]ervice on Defendant has not been completed." ECF No. 19 at 2. That finding was made on the same docket, on the same absence of any return, by the same Court. It was not qualified, and it was acted upon. The record therefore forecloses the reading that performance was regarded as undetermined on October 16; it had been determined, in writing, on October 15. Any justification offered for declining to require an accounting must comport with that finding, because the finding is the record, and the record is what the Court is bound by in the same way Plaintiff is.

The presumption is, in any event, "an analytic tool, not an excuse to rubberstamp any and all executive action as lawful absent clear evidence to the contrary." *Conley v. United States*, 5 F.4th 781, 791 (7th Cir. 2021). It holds only in the absence of clear evidence of irregularity. A silent docket past a court-ordered deadline; no return and no filing of any kind by the officer directed to act; and two orders of this Court describing the same absence in irreconcilable terms — these are such evidence. When it appears, the burden returns to the officer to account for his performance. Applying the presumption on such a record converts an evidentiary

rule into a shield against accountability: it places the entire temporal burden of delay on the party seeking enforcement while insulating the non-performing officer from supplying any factual record at all.

The record on which the presumption was applied here consists of the following. A written directive with a date certain. ECF No. 13 ¶ 4. The passage of that date without performance. No return, executed or unexecuted. No status report. No request for additional time. No filing of any kind by the officer directed to act. And, as of the date of this Motion, the passage of the full outer period the Court itself estimated that performance ordinarily requires, likewise without any record of performance.

Plaintiff respectfully submits that this is not an absence of evidence. It is evidence of irregularity, in the ordinary meaning of that word: a directed act, a date, and nothing on the record to show that the act occurred. If that showing does not rebut the presumption sufficiently to require the officer to account for himself, it is difficult to identify what showing, short of the officer's own confession, would.

The question matters beyond this motion. The amended complaint challenges a decision of the Board for Correction of Naval Records on the ground that the record underlying it is demonstrably irregular, and that the presumption of regularity cannot be sustained on such a record. The Defendant, upon appearing, will rely on that

presumption. The Court will have to decide what showing of irregularity suffices to displace it. The October 16 order applied the same presumption, to a different federal officer, on a record whose irregularity is apparent from the docket itself, and found it sufficient to deny any inquiry. Plaintiff does not suggest that the Court intended to decide the merits of his claim in an order about service. He observes that the reasoning is the same reasoning — a presumption about the manner of an act used to supply the fact of it — and that he is entitled to know the standard before it is applied to him a second time.

Plaintiff adds, for completeness of the record, that the pattern described in this Section is not an observation made for the first time in this Motion. He described the mechanism — procedural form applied to the litigant who cannot pay, while the non-performance of the institution on which he depends goes unexamined — in published work that predates this case: Osei Harper, *The Paradox of the Judicial Ouroboros: A Citizen's Observation of the Failure of the Rule of Law* (Oct. 23, 2025), https://raakaar.substack.com/p/the-paradox-of-the-judicial-ouroboros; and, before the September 21 service order, in *The Cases No One Counts* (2026), https://doi.org/10.5281/zenodo.22544025. The sequence reflected in ECF Nos. 16 through 22 comports with that description. Plaintiff has since analyzed this

sequence, by docket entry and in the terms used in this Section, in *The Irregularity of Regularity: Testing the Paradox of the Presumption of Regularity* (Nov. 4, 2026), https://doi.org/10.5281/zenodo.23826928, which identifies three shifts by which a presumption of regularity ceases to be one — of proposition, from the manner of an act to its occurrence; of time, from a past finding to a future forecast; and of institutional role, from reviewing a determination to supplying it — and proposes six questions a court applying the presumption to contested governmental performance should be able to answer from the record: the act presumed regular; the proposition the presumption is used to establish; the temporal direction of the inference; the contrary evidence and the standard for weighing it; whether the responsible actor, or the court, authored the explanation being sustained; and the legal consequence of reliance. *Id.* Part X. Plaintiff cites these works not as authority, which they are not, but as a contemporaneous record that the question presented in this Section was identified before this Court was asked it, and that the October 16 order can be tested against each of the six questions on the face of this docket. Plaintiff respectfully submits that each of the six is answerable from the record of this case, and asks only that the Court answer them.

Plaintiff therefore respectfully asks:

> *By what standard did the Court determine that a written directive with a date certain, the passage of that date, and the absence of any record of performance by the officer directed to act did not establish nonperformance sufficiently to require an accounting — and what showing of irregularity would suffice to rebut the presumption of regular performance if this one does not?*

Plaintiff asks this not rhetorically but because the answer governs the remainder of this case. If the standard is that the presumption yields only to an affirmative showing of misconduct, Plaintiff should know that now, because it is the standard he will have to meet on the merits. If the standard is something less, Plaintiff respectfully submits that the record of service in this case meets it, and that the accounting he has requested should be ordered.

**V. Fourth Question: The procedural remedy that remains available to Plaintiff if the Court declines both enforcement and Rule 4(m) protection**

Plaintiff respectfully seeks a determination of what additional procedural relief, if any, remains available to secure completion and documentation of service so that this action may proceed.

The preceding filings present a straightforward chronology.

Plaintiff satisfied the requirements within his control.

The Court assigned service to the USMS and established a fourteen-day period for compliance.

That period expired.

Plaintiff notified the Court.

Plaintiff subsequently requested a sworn accounting, judicial enforcement, a good-cause determination, and Rule 4(m) protection.

Those requests were denied.

Plaintiff pursued review under Rule 72(a), identifying specific factual and legal objections.

That review likewise resulted in denial. The objections were overruled on the ground that Plaintiff had not shown the October 16 order to be clearly erroneous or contrary to law; the order did not identify which of the five specific objections it had considered, did not resolve the outstanding service status, and did not address the discrepancies Plaintiff had identified. ECF No. 22.

The additional passage of time has not cured the deficiency.

Meanwhile, the underlying litigation remains unable to advance through the ordinary service-and-response sequence contemplated by Rules 4 and 12.

Plaintiff respectfully submits that the consequences of this delay are not distributed equally.

The agency charged with performing service controls the records necessary to determine what occurred. The Defendant may obtain actual notice of the litigation before the docket establishes the operative service dates. Plaintiff, however, cannot independently establish those dates or compel the agency to provide its records.

The absence of a timely return does not necessarily invalidate otherwise effective service under Rule 4(l)(3). Nevertheless, the continuing absence of an accounting prevents Plaintiff from reliably determining the status of the service obligation and evaluating the procedural deadlines arising from it.

More fundamentally, the progression of the underlying action has become dependent upon the unresolved conduct of an executive-branch agency whose statutory responsibility is to execute judicial process, not determine the Court's calendar.

The prejudice, therefore, does not reside in any single ruling, and Plaintiff does not ask the Court to weigh the rulings one at a time. It resides in the sequence. Despite every reasonable effort, using every instrument available to a pro se litigant proceeding in forma pauperis, Plaintiff has tried to reconcile the inconsistencies and incongruities the record now reflects. The underlying question — whether the Court's order of September 21 has been carried out — has yet to be answered by anyone with knowledge of the answer, and the clock continues to run. Service is a

gateway act. It is the act that opens the doors of the litigation process, and until the Court's own officer completes it, nothing else in this case can begin: Defendant cannot answer, the Court has held that Plaintiff's evidence is premature, ECF No. 19 at 2, and the merits cannot be reached. Without its completion, Plaintiff stands outside the gates of the Court, holding a case the Court has accepted, waiting on an officer the Court commands, while the time the rules allot to him is spent.

Plaintiff therefore respectfully asks:

> *When an indigent plaintiff has fulfilled every service-related requirement within his control, and repeated requests for enforcement and protective relief have been denied, what effective procedural means remains available to secure performance of an outstanding judicial directive without requiring the plaintiff to initiate additional litigation?*

Plaintiff does not presume that this Court lacks the authority to resolve the deficiency.

To the contrary, Plaintiff respectfully requests that the Court exercise such authority as it deems appropriate to secure prompt completion and documentation of service, including requiring an accounting from the USMS, establishing an enforceable compliance schedule, or granting other necessary procedural relief.

Should the Court determine that further intervention is unwarranted or unavailable, Plaintiff respectfully requests clarification of the legal and procedural basis for that determination.

Such clarification would enable Plaintiff to ascertain whether the ordinary remedies reasonably available within this proceeding have been exhausted.

In the continued absence of effective relief, Plaintiff anticipates pursuing the next available judicial mechanism, including an extraordinary mandamus proceeding under the appropriate jurisdictional authority to secure performance of the service obligations imposed by Rule 4(c)(3) and 28 U.S.C. § 566.

Plaintiff identifies that possibility as the next procedural avenue potentially necessitated by the exhaustion of ordinary remedies, not as a challenge to the Court's authority.

Indeed, the purpose of the present Motion is to afford the Court an opportunity to secure compliance with its own directive, preserve the orderly administration of its calendar, and protect an indigent litigant from further prejudice attributable to the nonperformance of an agency entrusted with executing judicial process.

## VI. Request for Expedited Consideration

Plaintiff respectfully requests that the Court consider this Motion on an expedited basis. The ninety-day period under Rule 4(m) ends on November 12, 2026 — seven calendar days, and five business days, after this filing. The relief requested in Part II is prospective by nature. It cannot be granted after the period has run without converting a protective request into a retrospective one, which is the very conversion the October 16 order effected and which this Motion asks the Court to correct. The accounting requested in Part III can be ordered, and performed, within days; the USMS holds every record it would need.

Plaintiff therefore asks that the Court rule on this Motion before November 12, 2026, or, if it cannot do so, that it enter an interim order extending the period under Rule 4(m) pending its ruling, so that the question presented is not mooted by the passage of the very date it concerns. The terminal date is the Court's to extend and no one else's; Plaintiff can do nothing further to protect it but ask.

## VII. Conclusion and Request for Relief

Plaintiff respectfully submits that this Motion presents four questions that remain unresolved despite repeated efforts to obtain relief:

*Why has prospective Rule 4(m) protection been denied where the delay threatening timely service is attributable to an agency rather than to Plaintiff?*

*What legal basis supports continued reliance upon an unsubstantiated processing estimate without an express modification of the Court's original service directive or an accounting from the agency responsible for compliance?*

*By what standard was the absence of any record of performance by the officer directed to act found not to establish nonperformance, and what showing of irregularity would suffice to rebut the presumption of regular performance if this one does not?*

*What effective procedural remedy remains available to Plaintiff when the Court has declined both enforcement of its service directive and protection against the consequences of continued agency nonperformance?*

**WHEREFORE,** Plaintiff respectfully requests that the Court address these questions and grant such relief as it deems just and appropriate, including: (1) an appropriate extension of the service period under Rule 4(m); (2) an accounting from the USMS concerning the execution of the September 21 directive; (3) prompt completion and filing of executed or unexecuted service returns, as applicable; (4) such further compliance measures as the Court deems necessary to preserve the effectiveness of its judicial process; (5) identification of the standard by which the Court determined that the absence of any record of performance did not establish nonperformance, and of the showing of irregularity that would suffice to rebut the

presumption of regular performance; (6) clarification of the remaining available remedies should the Court decline additional intervention; and (7) consideration of this Motion on an expedited basis, with a ruling before November 12, 2026, or an interim extension of the Rule 4(m) period pending the Court's ruling.

Plaintiff acknowledges the Court's prior determinations and respectfully submits that the issues presented are not rendered moot merely because his previous requests were denied.

The underlying service obligation persists. The passage of additional time has increased the procedural consequences of its noncompletion. And the legal questions concerning enforcement, protection, and available relief remain unanswered.

One request stands apart from the others in urgency, and Plaintiff states it again so that it is not lost among them. If the Court cannot rule on this Motion before November 12, 2026, Plaintiff asks that it enter an interim order extending the Rule 4(m) period pending its ruling. That order costs nothing, decides nothing, and preserves everything; without it, the question this Motion presents may be mooted by the arrival of the date it concerns.

Plaintiff seeks neither preferential treatment nor exemption from the obligations imposed upon him. He seeks the application of governing law to the duties already

assigned, the enforcement of judicial process already ordered, and the protection necessary to ensure that administrative nonperformance does not become a barrier to adjudication.

Plaintiff brings this Motion respectfully, in deference to the lawful authority of this Court, in furtherance of the orderly administration of justice, and with the sincere objective of resolving the outstanding procedural deficiency without unnecessary additional proceedings.

Respectfully submitted,

Dated: November 5, 2026

______________________________
Osei A. Harper, Plaintiff, pro se
613 E. 9th Avenue
Havana, Florida 32333
oseis572@gmail.com
347.804.1232

**CERTIFICATE OF CONFERENCE UNDER LOCAL RULE 7.1(B)–(C)**

No conference was possible. Defendant has not been served and has not appeared, and the United States Marshals Service is not a party. Plaintiff remains ready to confer with counsel for Defendant on this and any other matter promptly upon

appearance; the inability to do so is a consequence of the delay in service that is the subject of this Motion.

**CERTIFICATE OF WORD COUNT UNDER LOCAL RULE 7.1(F)**

This Motion and incorporated memorandum, from the caption through the prayer for relief, contain 6,692 words, as counted by the word-processing software used to prepare it, which is fewer than the 8,000 words permitted by Local Rule 7.1(F).

**CERTIFICATE OF SERVICE**

No party has appeared, and there is no one to be served under Rule 5(a). Plaintiff has filed this Motion with the Clerk of Court by hand delivery on the date shown above. Should the Court wish the United States Marshals Service to receive a copy, Plaintiff respectfully requests that the Clerk provide one.

______________________________
Osei A. Harper

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

OSEI A. HARPER,
Plaintiff,
v.
UNITED STATES DEPARTMENT OF THE NAVY, HUNG CAO, in his Official Capacity as Acting Secretary of the Navy,
Defendant.
/

Case No. 4:26-cv-00395-AW-MAF

**ORDER ON PLAINTIFF'S MOTION FOR CLARIFICATION, PROSPECTIVE RULE 4(m) PROTECTION, ENFORCEMENT OF COURT-DIRECTED SERVICE, AND DETERMINATION OF AVAILABLE RELIEF, AND REQUEST FOR EXPEDITED CONSIDERATION**

This matter is before the Court on Plaintiff's Motion for Clarification, Prospective Rule 4(m) Protection, Enforcement of Court-Directed Service, and Determination of Available Relief, and Request for Expedited Consideration. By Order of September 21, 2026, the Court directed the United States Marshals Service ("USMS") to serve the summons and amended complaint on Defendant within fourteen days under Rule 4(i) and to send copies to the United States Attorney for this District and the Attorney General. ECF No. 13 ¶¶ 4–6. Forty-five days or more have elapsed since that Order.



RCVD USDC FLND TL
NOV 5 '26 AM11:01

No return of service, executed or unexecuted, and no statement of the status of service has been filed. Plaintiff was granted leave to proceed in forma pauperis, ECF No. 6, has supplied the service copies required of him, ECF No. 10, and is entitled to rely on the USMS to effect service. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d). Accordingly, it is

**ORDERED:**

1. Plaintiff's request for expedited consideration is GRANTED, and the Motion is GRANTED to the extent set out below.
2. The directive of September 21, 2026, ECF No. 13 ¶¶ 4–6, remains in full force. Nothing in the Court's Order of October 16, 2026, ECF No. 20, modified it.
3. Within seven (7) days of this Order, the United States Marshals Service shall file a statement, signed under penalty of perjury, setting out, as to each recipient identified in ECF No. 13 ¶¶ 4–6, the date and method of dispatch or personal delivery, any registered or certified mail article number, the date and content of any return or receipt obtained, any impediment to compliance with ECF No. 13, and the anticipated date on which service will be completed.

4. The USMS shall file an executed or unexecuted return of service as to each recipient promptly upon completion or attempted completion of service, and in any event within fourteen (14) days of this Order.

5. The Court finds that Plaintiff has complied with the requirements placed upon him and that, on the present record, any delay in service is attributable to the USMS and constitutes good cause under Rule 4(m). The time for service under Rule 4(m) is EXTENDED through and including December 14, 2026, effective immediately and, if this Order is entered after November 12, 2026, nunc pro tunc to that date, without prejudice to a further extension to a date certain, or to any further finding, upon review of the statement required by paragraph 3.

6. The Clerk shall provide a copy of this Order to the United States Marshal for the Northern District of Florida.

**DONE AND ORDERED** on this ____ day of _______________, 2026.

______________________________
UNITED STATES MAGISTRATE JUDGE

# APPENDIX M

ECF No. 24 — Order denying ECF No. 23 (signed Nov. 12, 2026; entered Nov. 13, 2026)

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**OSEI A. HARPER,**

**Plaintiff,**

**V.** **Case No. 4:26cv395-AW-MAF**

**UNITED STATES DEPARTMENT OF THE NAVY, HUNG CAO, in his Official Capacity as Acting Secretary of the Navy,**

**Defendant.**
**_______________________________/**

**<u>O R D E R</u>**

Plaintiff's Motion for Clarification, Prospective Rule 4(m) Protection, Enforcement of Court-Directed Service, and Determination of Available Relief, with Incorporated Memorandum, and Request for Expedited Consideration, ECF No. 23, is before the Court. Plaintiff requests an accounting concerning service by the United States Marshals Service (USMS), clarification of the Court's prior orders, an extension of the period for service, and additional directions to complete service. The Court previously denied Plaintiff's motion for an accounting and extension of time. ECF No. 20. Plaintiff's objections to that order were overruled. ECF No. 22.

Plaintiff is proceeding in forma pauperis and provided the required service copies of the amended complaint. ECF Nos. 6, 10. On September 21, 2026, the Court directed that the summons and amended complaint be forwarded to the USMS for service. ECF No. 13. That order also directed the Clerk of Court to return the file upon receipt of an executed or unexecuted service return, the filing of an answer or other response, or no later than November 30, 2026. ECF No. 13. The November 30 date is the deadline for returning the file for review; it is not an extension of the time for service under Rule 4(m).

The absence of a return on the docket does not establish whether service was attempted or completed. Rule 4(l)(3) provides that '[f]ailure to prove service does not affect the validity of service.' Fed. R. Civ. P. 4(l)(3). The Court previously explained that service by the USMS generally requires thirty to forty-five days to complete. ECF No. 20 at 2. Plaintiff's disagreement with that explanation does not warrant another accounting order, a determination concerning the presumption of regularity, or further clarification of the Court's prior orders at this time.

Plaintiff also seeks an extension of the Rule 4(m) period before its expiration on November 12, 2026. The expiration of that period does not automatically dismiss the action. Fed. R. Civ. P. 4(m). If the USMS fails to

accomplish service through no fault of a plaintiff proceeding in forma pauperis, that failure constitutes good cause for an extension of the service period. Rance v. Rocksolid Granit USA, Inc., 583 F.3d 1284, 1288 (11th Cir. 2009). The present record does not yet establish whether service has failed, and no dismissal under Rule 4(m) is before the Court. The Court will review the service status upon return of the file and address any need for an extension or further direction at that time. Plaintiff has not established a basis for the additional relief he presently requests.

Accordingly, it is **ORDERED:**

1. Plaintiff's Motion for Clarification, Prospective Rule 4(m) Protection, Enforcement of Court-Directed Service, and Determination of Available Relief, with Incorporated Memorandum, and Request for Expedited Consideration, ECF No. 23, is **DENIED** without prejudice to further consideration of service upon return of the file.

2. The Clerk of Court shall return the file upon receipt of an executed or unexecuted service return, the filing of an answer or other response, or no later than **November 30, 2026**, as previously directed. ECF No. 13.

**DONE AND ORDERED** on November 12, 2026.

**S/ Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

# APPENDIX N

Declaration of Osei A. Harper under 28 U.S.C. § 1746 (Nov. 19, 2026)
— not part of the District Court record

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

**No. ____________**

**IN RE: OSEI A. HARPER,**
Petitioner.

On Petition for a Writ of Mandamus to the United States District Court
for the Northern District of Florida, Tallahassee Division
*Harper v. United States Department of the Navy*, No. 4:26-cv-00395-AW-MAF

**DECLARATION OF OSEI A. HARPER**
**(Appendix N — not part of the District Court record)**

Osei A. Harper
Petitioner, pro se
613 E. 9th Avenue
Havana, Florida 32333
oseis572@gmail.com · 347.804.1232

I, Osei A. Harper, declare as follows:

1. I am the Petitioner in this proceeding and the Plaintiff in Harper v. United States Department of the Navy, No. 4:26-cv-00395-AW-MAF (N.D. Fla.). I make this declaration from personal knowledge.
2. On the afternoon of November 5, 2026, after I had filed with the Clerk of the District Court the motion docketed as ECF No. 23, I telephoned the office of the United States Marshals Service in Tallahassee, Florida, selected the menu option for civil process, and spoke with an employee who answered for the Marshals Service.
3. I asked whether the office had received an order to serve in case number 4:26-cv-00395. Asked who was to be served, I identified the United States Department of the Navy, the Secretary of the Navy, Hung Cao, and the United States Attorney's Office.
4. After checking, the employee told me that the matter sounded familiar and that the papers had been mailed to the recipients by certified mail, which the employee said was what the order said to do. I asked whether the employee knew when. The employee answered: "October 30th."
5. I called the same number again a few minutes later and asked when the Marshals Service had received the order. The employee told me that the person who handles civil process for the office had more information than the employee did, took my name and telephone number, and said that person would return my call.
6. My call was not returned. As of the date of this declaration, no one from the Marshals Service has called me back.
7. The statements described above were not made under oath. I do not know of my own knowledge whether or when any papers in this case were mailed or delivered. As of the District Court docket sheet dated November 19, 2026, no

return of service, executed or unexecuted, and no statement by the Marshals Service has been filed.

8. I did not place these statements before the District Court. They are offered to this Court only as a report of what I was told.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 19, 2026, at Havana, Florida.

/s/ Osei A. Harper
Osei A. Harper